COURT OF APPEALS. Albany, June, 1858. Before *Johnson*, chief judge, and *Comstock*, *Selden*, *Denio*, *Roosevelt*, *Harris*, *Pratt* and *Strong*, Judges.

ALEXANDER BEHAN, plaintiff in error, *v.* THE PEOPLE, defendants in error.

A violation of section thirteen, chapter six hundred and twenty-eight of the Laws of 1857, by selling strong or spiritous liquors or wines in quantities less than five gallons at a time, without license, is a misdemeanor, for which the offender may be proceeded against by complaint before a magistrate, or by indictment.

BEHAN was indicted and convicted, at the Onondaga General Sessions, of the offence of selling strong and spiritous liquors and wines, without having any license therefor, under section thirteen of chapter six hundred and twenty-eight of the Laws of 1857, being the act to suppress intemperance, and to regulate the sale of intoxicating liquors. The judgment was, on appeal, affirmed by the Supreme Court

at general term in the fifth district, and the defendant appealed to this court.

*Sheldon & Brown,* for plaintiff in error.

*Henry S. Fuller* (District Attorney), for the defendants in error.

*By the Court,* PRATT, J.—It is well settled that where an act is prohibited by statute, which is not criminal at common law, and a penalty is imposed in the same statute, declaring such prohibition, the act is not indictable. The principle was distinctly recognized in the case of *The People* v. *Smith* (13 *Wend.*, 341). It is based upon the assumption that the legislature, having fixed the penalty at the same time of prohibiting the act, designed that there should be no other punishment. But where the act was criminal at common law, or already prohibited by a former statute, the imposition of a civil penalty would not take away the power to punish by indictment. So, when the statute itself contains any provisions showing that the legislature did not intend that the civil penalty should constitute the only punishment, the remedy by indictment would not be taken away.

Hence, if a statute direct that the prosecutor may proceed in a certain way, or otherwise, as "if a statute give a recovery by action of debt, bill, plaint or information, or otherwise," it authorizes a proceeding by indictment. (*Arch. Cr. Pl.*, 1, 2 ; *Hawk.*, ch. 25, § 4 ; *Griffith* v. *Wells,* 5 *Denio,* 227.)

In fine, it is simply a question of legislative intent. In looking, therefore, at the statute in question in its whole scope and bearing, and in connection with previous legislation upon the same subject, can we infer an intention on the part of the legislature to confine the remedy for a violation of its provisions in selling without a license, to the civil penalty therein imposed, or is the intention manifest that

the offender shall also be punishable by indictment.   Upon
a careful examination of the statute, it seems to me that the
conclusion is irresistible that the latter was the intention of
the legislature.

First. It has been the policy of the state, at least since
the year 1801, if not before, to make offences against the
excise laws punishable by indictment.   By the seventeenth
section of the Act of 1801, to lay a duty on strong liquors,
" and for regulating inns and taverns," all offences against
any of the provisions of the act were declared to be misde-
meanors.   This provision has been continued from that time
down to the enactment of the prohibitory law in 1855.   The
presumption, therefore, is against the design on the part of
the legislature, in the restoration of the license laws, to
change a policy so long adhered to.   It should require a
clear expression of the legislative will to that effect to justify
the courts in holding that offences against those laws are no
longer indictable.

The act under consideration, in its leading characteristics,
is very similar to the old excise laws, both in its prohibitions
and its penalties.   Under those laws, the selling in quanti-
ties less than five gallons was prohibited by penalties in
substantially the same form as in the present act; and the
Supreme Court, in the cases of *The People* v. *Stevens* (18
*Wend.*, 341), and *The People* v. *Brown* (16 *id.*, 561), held
that selling the prohibited quantities without license, were
offences against the provisions of the act, and therefor, mis-
demeanors, and indictable.

If, therefore, selling without license constituted offences
against the provisions of that act, it is difficult to find any
good reason why similar violations of the present statute
should not also be deemed offences against its provisions; and
if they are to be deemed offences no one will deny that they
are indictable.

Second. The whole scope and character of the act shows
that the term " offence," when it is used in connection with

those directions which are only applicable to misdemeanors, is not used in a limited sense, but was used to define all substantial violations of the provisions of the act.

By section sixteen, it is made the duty of certain officers therein enumerated, to arrest "all persons found actually engaged in the commission of *any offence in violation* of this act, and forthwith to carry such person before any magistrate," &c., who is to try them, or hold them to bail, as for any other misdemeanor triable by a Court of Special Sessions.

In a subsequent part of the same section it is made the duty of "the magistrate to entertain *any complaints of a violation of this act* made by any person under oath, and forthwith to issue a warrant and cause such offender to be brought before him to comply with the provisions of this section," &c. Here the term used is "*any complaint of a violation of this act*," and upon such complaint being made a warrant is to be issued. The term "offence," which the counsel for the prisoner insists only means those violations of the laws declared in the act itself to be misdemenors, is not used, but the more general term, "*violation of this act*," and the proceedings directed to be taken by the magistrate are such as are applicable to cases of misdemeanors only.

So, by section twenty-ninth, it is made the duty of courts "to instruct grand jurors to inquire into *all offences* against the provisions of this act, and to present all offenders under this act." Now, it is not to be assumed that the legislature would have inserted so carefully in the act these special directions to police officers, magistrates and courts, in order to secure extraordinary vigilance in the detection and conviction of offenders against the three or four comparatively unimportant provisions of the act, which are specially declared to be misdemeanors.

Third. The act of selling without license is called, in those sections of the statute imposing the penalties, "offences."

By section thirteenth, it is declared that "whoever shall sell any strong or spiritous liquors or wines, in quantities less, &c., shall forfeit $50 for *each offence*." By section fourteenth, "whoever shall sell, to be drank in his house, &c., shall forfeit $50 *for each offence*." In fine, all through the statute, violations of the provisions of the act are termed "offences." And it is a primary rule for the interpretation of statutes that when the same term or expression is used in different parts of the same statute it shall be deemed to have the same meaning, unless the contrary very plainly appears to have been the intention of the legislature. (*Smith on Stat.*, 673; *James* v. *Dubois*, 1 *Har.*, 285.)

The general statutory definition as given in the Revised Statutes, which is invoked by the prisoner's counsel in aid of the construction insisted upon by him, throws but little light upon that point. By that statute, the term "offence," when used in a statute, shall be construed to mean any offence for which any criminal punishment may by law be inflicted. Now, the question in controversy is, whether this particular violation of the act is punishable criminally. If so, the term "offence" applied to it would be in strict accordance with the statutory definition of the term. Again, as it already appears, the act itself calls this violation an "offence." Now, if the statutory definition of that term is of any force whatever to settle the question under examination, it is against the construction contended for on behalf of the prisoner; for the term, when used in any statute, is to be construed to mean any offence for which any criminal punishment may be inflicted. (2 *R. S.*, 886, § 37.)

Fourth. The only reasons which have been suggested in opposition to the views above expressed, worthy of consideration, are based upon the fact that the act itself declares some three or four of the violations of its provisions misdemeanors. It is insisted that the maxim "*expressio unius est exclusio alterius*," in its legal application to this statute would exclude the assumption that any other offences were designed

Behan *v.* The People.

to be deemed misdemeanors.   In a statute which appears to have been carefully drawn up, and all its provisions carefully considered, I should be inclined to give great force to that maxim.   But the statute under consideration appears upon its face to have been very carelessly framed, and to have been adopted without a very careful consideration of its provisions.   In such case it would not be safe to give that maxim much force.   It would be much safer to look at the general scope and purpose of the act, and to search there for an expression of the legislative intention; and in looking over all the provisions of the act in their general scope and tenor, I cannot resist the conviction that offences against its provisions were designed to be punishable as misdemeanors.

Upon the whole, we are satisfied that it was not the design of the legislature to limit the punishment of the violation of the act in question to the penalty imposed therein, but to authorize a proceeding by complaint before a magistrate, or by indictment.

Judgment affirmed.