MORRIS, plaintiff in error, v. PEOPLE.

*Excise law — selling without license — discretion of court — penalty.*

Upon a conviction for the violation of the provisions of the excise law, in selling intoxicating liquors without license (Laws 1858, chap. 628, § 13), the court has no discretion in regard to the punishment, but must impose that provided by § 29 of the law.

*Foote* v. *People, ante,* p. 216. followed.

WRIT of error to the Washington county sessions. The plaintiff in error was indicted for, and convicted of, a violation of the excise law, in selling liquors in quantities less than five gallons at a time, without a license. The counsel for the prisoner asked the court to exercise its discretion as to the punishment or sentence of the defendant. The court held that it had no discretion; that under the 29th section of chapter 628, Laws 1857, the punishment prescribed was imperative and fixed at imprisonment for three months and a fine of $100, and accordingly sentenced the prisoner to that punishment, to which holding and opinion and sentence the counsel for the prisoner excepted.

*Charles Hughes,* for plaintiff in error.

*R. C. Betts,* district attorney, for defendant in error.

P. POTTER, J. The only question in this case is, as to the discretion of the court in the amount of punishment to be awarded, on conviction, for the offense named.

The act complained of was in violation of the 13th section of the act which prescribed a civil penalty of $50. The selling of liquors, in violation of this section, is prohibited, and it was well settled by adjudication of the courts long before the passage of the act in

question and under the excise laws of the State, containing similar provisions, that selling prohibited quantities of intoxicating liquors, without license, were *offenses* against the provisions of the act, and therefore misdemeanors and indictable, notwithstanding the offender may have been sued in a civil action and the penalty collected. *People* v. *Stevens,* 13 Wend. 341; *People* v. *Brown,* 16 id. 561. By the 29th section of the act of 1857, all offenses against the provisions of that act are expressly declared to be misdemeanors.

This express provision was not necessary, according to the previous decision of the court; but being expressed in terms, the question is no longer debatable. The only criticism now attempted upon the 29th section is, that of a distinction between terms *offenses* and *misdemeanors,* having a different meaning when applied to different sections of the same act. The force of this argument is destroyed by the language of section 29, which expressly makes all offenses against this act misdemeanors. Certainly the act for which the plaintiff in error is convicted is an offense, but the question presented in this case is *res adjudicata.* On two cases in this court (*People* v. *Sleight,* not reported; *Foote* v. *People, ante* p. 216, decided at this term;) *Behan* v. *People,* 17 N. Y. 516; *People* v. *Gilkinson,* 4 Park. 26, all concur in the same construction of this statute. It was the clear intent of the legislature, as appears from the whole scope of this statute, to make its provisions what its title proclaims: "An act to suppress intemperance, etc.," the sooner the public mind is made to know that this law will be fully enforced according to its letter and spirit, and that the courts will sustain and enforce its positive provisions, the better it will be for the public good. If this statute is wise and good, as the courts are bound to presume, from its being the legislative expression, it should be enforced, even though such enforcement may become a terror to those who intend to live upon the gains made by corrupting public morals, or at the expense of the public peace and public health The writ should be dismissed; the judgment affirmed and ordered to be carried into execution.

. <em>Ordered accordingly.</em>

MILLER, P. J., and PARKER, J., concurred.