## O'ROURKE v. PEOPLE.

*Excise — license to sell ale and beer may be granted to one not an innkeeper — petition of freeholders — classes to whom licenses may be granted — Statutory construction.*

Under the provisions of Laws of 1869, chapter 856, amending Laws of 1857, chapter 628, licenses to sell ale and beer in quantities less than five gallons, to be drank on the premises, may be given to any person, and are not limited to such as keep an inn, tavern or hotel.

The requirements of a petition of freeholders, etc., etc. (Laws 1857, chap 628, § 6), does not to apply to licenses to sell ale and beer granted to a person not an inn, tavern or hotel keeper.

Plaintiff in error, who kept a saloon was indicted for a violation of the excise law, in the sale of a glass of ale to be drank on his premises. *Held*, that a license to him to sell ale and beer, was a justification, and the fact that the license also included permission to sell strong and spirituous liquors did not render it invalid as to the permission to sell ale and beer. The provision of Laws 1870, chapter 175, allowing the granting of licenses to sell strong and spirituous liquors by the small measure to all persons, does not abrogate the provision of Laws 1857, chapter 628, which forbids a license to sell to be drank on the premises, to any except inn, tavern and hotel keepers.

Per BOCKES, J. Under the provisions of the excise laws now in force, three classes of persons may be licensed by boards of excise to sell intoxicating drinks, viz: (1) Inn, tavern and hotel keepers, who may sell in quantities less than five gallons, to be drank on the premises; (2) Persons who may sell by small measure, not to be drank on the premises; and (3) persons who may sell ale or beer only, without restriction as to the place where the same may be drank.

ERROR to the Saratoga court of sessions, to review the conviction of Michael O'Rourke, the plaintiff in error, who was indicted for selling liquor at retail, to be drank on his premises, without having a proper license. The indictment charged the sale as made on the 1st day of February, 1874, to Nathan Gage and divers other persons. The defendant pleaded not guilty. On the trial the prosecution proved by one Sharp as a witness, under the defendant's objection and exception, that on one occasion, some three or four weeks prior to the finding the indictment, which was on the 25th day of May, 1874, he had bought ale of the defendant, who was a saloon-keeper at the village of Saratoga Springs, at his saloon, which was drank on the premises.

The people having rested, the defendant moved for his discharge on the grounds : 1. There was no criminal offense charged in the indictment. 2. There was no criminal offense proven. 3. The alleged offense could only be punished by a recovery in a suit for the penalty. The motion was denied and the defendant excepted.

The defendant then offered in evidence an application by him, and a license granted to him by the board of excise of the village of Saratoga Springs, allowing him to sell ale and beer, and other liquor at his saloon to be drank there. The following is a copy of the license :

"We, the undersigned, being the board of commissioners of excise in and for the village of Saratoga Springs, in said county, having been applied to by Michael O'Rourke, on a written application signed by the applicant, and made to said board, for a license to sell and dispose of strong and spirituous liquors, wine, ale, and beer, in quantities less than five gallons at a time, in said village, pursuant to the provisions of the act entitled an Act regulating the sale of intoxicating liquors ; passed April 11, 1870, and which application specifies a place for which the license is asked, and the name and names of the applicant ; and we being satisfied that said Michael O'Rourke is a person of good moral character, and who is approved by us.

Now, therefore, we do hereby *grant* to said Michael O'Rourke, a license to sell and dispose of strong and spirituous liquors, wine, ale, and beer, in quantities less than five gallons, at a saloon on Broadway, the place specified in said application. This license shall not authorize the sale or giving away or disposing of any

strong or spirituous liquors, wine, ale, and beer, on any day between the hours of one and five o'clock in the morning ; and the place licensed is to be closed between the hours aforesaid. Nor shall it authorize the sale or giving away of any strong or spirituous liquors, wine, ale, and beer, to any person, as a beverage, on Sunday, or upon any day on which a general or special election or town meeting shall be held, and within one quarter of a mile from the place where such general or special election or town meeting shall be held. In witness whereof, we have hereunto set our hands, the first day of May, 1873."

The defendant's counsel stated that he offered the application and license for the purpose of showing that section 4 of the law of 1870 had been complied with, as well as the law of 1857 as amended in 1869, and that he had applied for, and received a license under these statutes ; and also to show that he did not intend to commit a crime. The district attorney objected to the same as unauthorized and illegal; that the application was to sell strong and spirituous liquors at a saloon and not at an inn, tavern or hotel; that the license was not granted upon the application of twenty freeholders; that the license purported to allow the sale of liquors at a saloon and not at an inn, tavern or hotel; that it did not purport to authorize the sale of liquors or ale to be drank on the premises. The court sustained the objection and excluded the evidence, and defendant excepted.

The court charged the jury that if they believed the witness Sharp, the prosecution had proven one complete criminal offense, as laid in the indictment, to which the defendant excepted. The jury rendered a verdict of guilty, and the court sentenced the defendant to pay a fine of $50 and stand committed until paid.

*P. H. Cowen* and *John Foley*, for plaintiff in error.

*I. C. Ormsby* and *E. W. Paige*, for the people.

COUNTRYMAN, J. The important question in the case arises on the ruling of the court, rejecting the license offered in evidence, granting to the defendant leave "to sell and dispose of * * ale and beer in quantities less than five gallons at his saloon." The only sale proved on the trial to sustain the conviction, was of ale at the defendant's saloon, which had been drank on his premises.

The court held that no power existed to grant a license giving the defendant the right to sell ale and beer to be drank at his saloon, and that the license in question afforded him no protection. The precise point is therefore presented whether the board of excise had power, under the various statutes now in force regulating the sale of intoxicating liquors, to grant a license to a saloon-keeper to sell ale and beer to be drank on his premises.

The act of 1857 (Laws of 1857, chap. 628) gave the "power to grant licenses to keepers of inns, taverns and hotels  *  *  to sell strong and spirituous liquors and wines to be drank in their houses respectively; and to storekeepers  *  *  a license to sell such liquors and wines in quantities less than five gallons, but not to be drank in their shops," etc.  § 2.  It then prohibited granting a license "to any person to sell strong and spirituous liquors and wines to be drank on the premises of the person licensed, unless such person proposes to keep an inn, tavern or hotel."  § 6.  It also required that "in all licenses that may be granted (excepting to inn, tavern or hotel keepers) to sell strong or spirituous liquors or wines in quantities less than five gallons, there shall be inserted an express declaration that such license shall not be deemed to authorize the sale of any strong or spirituous liquor or wine to be drank in the house or shop of the person receiving such license."  § 11. It further provided that "such licenses" (to others than hotel-keepers) "shall not be granted  *  *  until such applicant shall have executed a bond  *  *  with sufficient sureties  *  *  conditioned that he will not sell or suffer to be sold any strong or spirituous liquors or wines to be drank in his shop or house  *  * and will not suffer the same to be drank there."  § 12.  By another provision it was declared that "whoever shall sell any strong or sprituous liquors or wines to be drank in his house or shop  *  *  or shall suffer or permit the same to be drank there *  *  without having obtained a license therefor as an inn, tavern or hotel keeper shall forfeit fifty dollars for each offense."  § 14. It was subsequently determined in the Court of Appeals that ale and beer were included in the terms "strong and spirituous liquors," as used in these provisions, and therefore came within the prohibition of the statute.  *Commissioners of Excise* v. *Taylor*, 21 N. Y. 173.  And it was also judicially settled by the same high authority that a willful violation of any of these provisions constituted a criminal offense, for which the party may be indicted, convicted

and punished. *Behan* v. *People*, 17 N. Y. 520; *Morris* v. *People*, 2 N. Y. Sup. 219. It is very clear that under these provisions no valid license could have been granted to the defendant to sell ale or beer to' be drank in his saloon, and his conviction before the amendment of the statute would have been unexceptionable.

It will be observed that under the act of 1857, there was full power to grant licenses to hotel keepers to sell strong and spirituous liquors, including ale and beer, to be drank on their premises, and full power to grant licenses to all other persons (possessing of course the requisite qualifications) to sell liquors, including ale and beer, by the measure, in quantities less than five gallons, with the simple condition annexed — that the liquors could not be drank at the place of sale. The hotel keepers accordingly secured the monopoly of selling liquor, including ale and beer as a beverage. This condition of affairs caused loud complaints on the part of the keepers of saloons and boarding-houses, who made repeated efforts to induce the legislature to grant them the same privileges held by the keepers of hotels. The act of 1869 (Laws of 1869, chap. 856) was finally passed in answer to these complaints and petitions, and was manifestly intended to enlarge the rights of the petitioners. It amended the act of 1857 in several particulars, not material to our present purpose, and then specially provided as follows : " All the provisions of this act as amended shall be held to apply to the sale of ale or beer, except so much thereof as *forbids* the granting of license to any person except to such persons as propose to keep an inn, tavern or hotel ; and the commissioners of excise may, in their discretion, grant license for the sale of ale or beer * * to others than those who propose to keep an inn, tavern or hotel." (§ 4.) Notwithstanding the language of the first clause in the sentence taken above may seem to fail in giving full expression to the idea meant to be conveyed, the intention of the legislature is quite apparent when the entire section is read in connection with the various provisions to which it relates in the act of 1857. As the statutes are *in pari materia*, it is the duty of the court, in order to ascertain their meaning, to read and construe them together as one act. Thus read, there is no need of interpretation, the provisions are clear and consistent, and the sense is manifest. If we incorporate the two acts together, and read the original statute as amended, it will be as follows : " License shall not be granted to any person to sell strong and spirituous liquors

O'Rourke v. People.

and wines (except ale and beer) to be drank on the premises of the person licensed, unless such person proposes to keep an inn, tavern or hotel (and the commissioners of excise may, in their discretion, grant license for the sale of ale or beer * * to others than those who propose to keep an inn, tavern or hotel)."

But if the act of 1869 be regarded as equivocal or ambiguous, it it is incumbent on the court, in searching after its proper interpretation, to refer to the state of the law upon the matter involved, prior to its enactment, to consider the purpose or object had in view in its adoption, and if possible, to give it some practical effect. "The interpretation which renders a statute inoperative cannot be admitted; it is an absurdity to suppose that after it is reduced to terms, it means nothing." Potter's Dwarris on Statutes, 128. This, however, is the necessary result of the construction adopted in the court below. As before remarked, the board of excise had full power, under the act of 1857, to grant licenses to all persons in their discretion, to sell liquors, including ale and beer, for any other purpose than to be drank on their premises, and unless the amendment of 1869 gave the right to sell ale and beer to be drank on the premises of the licensee, the sole object of the provision is frustrated, and the entire section is an absolute nullity.

It is urged, however, that the amendment does not, in terms, confer the power to grant a license to sell ale and beer to others than hotel keepers, to be drank on their premises, and under sections 11, 12 and 14 of the original act, no such license could be granted; and it is insisted that the letter of the new act may, therefore, be obeyed by granting license to sell ale and beer by the measure and not as a beverage. Aside from the objection already noticed, that this construction would render the amendment wholly inoperative, it is a perfect answer that no affirmative leave or assertion of the right to sell by the drink, either in the statute or the license, was necessary. Prior to the act of 1869, a license to any other person than a hotel keeper to sell ale and beer to be drank on the premises would have been void, because section 2 of the statute in terms limited the power to grant a license to such person to sell "in quantities less than five gallons, but not to be drank in the house or shop" of the licensee, and section 6 also expressly prohibited the granting such a license "unless the person proposes to keep a hotel." It was necessary in order to prevent the liquor from being drank on the premises of the vendor after the sale, to

limit in terms the rights of the parties by an affirmative declaration to that effect. But in the absence of any limitation or prohibition, a mere license to sell confers the right to drink or use the liquor on the premises or at any place where the parties have a right to be. When, therefore, the amendment of 1869 removed the prohibition in regard to the sale of ale and beer, a mere license to sell those liquors *ipso facto*, carried the right to allow it to be drank or used on the premises in any manner agreeable to the parties in interest. The power, however, was given by the amendment to grant a license which conferred on the licensee the right to sell ale and beer to be drank on his premises. This was the obvious intention of the act, as the entire section is devoted to the removal of the old prohibition against granting licenses to sell ale and beer to others than hotel keepers, to be drank on their premises, and to the express affirmation of the power to issue such licenses, in the discretion of the board, to all other persons. It excepts in terms, from any application to the sale of ale and beer as a beverage, so much of the prohibition contained in section 6 of the original statute as forbid the granting a license to any person but the keeper of a hotel, and explicitly confers the identical power which had previously been prohibited, to wit, the right to grant such a license to all other persons. The prohibition removed, the power conferred to grant such a license, and a license issued in pursuance of the power, the conclusion is obvious, that the sale could no longer constitute a criminal offense.

There is no difficulty in adjusting any apparent incongruity between sections 11, 12 and 14 of the act of 1857, and the amendment of 1869, as the special license to sell ale and beer given in the latter act, must be regarded as an additional exception to the provisions of the former. But if the two statutes were inconsistent and irreconcilable, the former would yield to the latter, as the latest expression of the legislative will, and all portions of the original statute which were repugnant to the new act would be regarded as repealed. It follows that full power was conferred by the amendment of 1869, upon the board of excise to grant the defendant a license to sell ale and beer to be drank in his saloon, and that the license offered in evidence on its face was valid and a legal defense to the indictment. It is hardly necessary to add that the license would have afforded no protection to the defendant for the sale of any other liquors than ale or beer to be drank on his

premises. Indeed, prior to 1870, it would have been necessary to have obtained a special license to sell ale and beer, to have secured protection under the amendment of 1869, but since the act of 1870, the leave to sell ale and beer to be drank on the premises may be included in the general license. Laws of 1870, chap. 175.

There is no force in the objection that the license was unauthorized, because there was no petition of freeholders or compliance with the other requirements of section 6 of the act of 1857, in relation to hotel licenses, as they have no application to licenses of this character, although those provisions are doubtless still in force, and must be observed in all cases where the applicant for a license "proposes to keep an inn, tavern or hotel." It does not appear whether the defendant complied with all the provisions of the statute applicable to this case, and no question of this kind was raised on the trial. The evidence was rejected and the case decided, on the broad ground that the license, on its face, was invalid and conferred no right on the defendant to sell ale and beer, to be drank in his saloon.

As this ruling was erroneous, the conviction and judgment must be reversed and a new trial granted.

BOCKES, J. The plaintiff in error, O'Rourke, was indicted for unlawfully selling strong and spirituous liquors, wines, ale and beer, in quantities less than five gallons by retail, to be drank in his house. The proof was that he kept a saloon, and sold ale on draught to be drank on the premises. He was convicted on the indictment, and was sentenced by the court to pay a fine of fifty dollars, and to stand committed until the fine was paid. Thereupon he sued out a writ of error to this court.

By way of justification and defense, the plaintiff in error offered in evidence a license granted to him by the board of commissioners of excise in and for the village in which he conducted his business of saloon-keeper, covering the time laid in the indictment for the commission of the offense, to wit: February, 1874; by which license he was authorized "to sell and dispose of strong and spirituous liquors, wines, *ale and beer*, in quantities less than five gallons" at his saloon. The license did not *in terms* allow the drinking of the liquors, wine, ale and beer on the premises; nor did it declare that such license should not be deemed to authorize the same "to be drank in the house." Laws 1857, chap. 628,

§ 11. The court held that such license afforded no justification or protection to the defendant, and excluded the evidence. The question is, therefore, whether this ruling was correct in law.

The examination of this case involves the construction of three legislative acts, now constituting the excise system of the State. The first was adopted in 1857 (Laws 1857, chap. 628); the second, amendatory thereof, passed in 1869 (Laws 1869, chap. 856); the third in 1870 (Laws 1870, chap. 175). The last-named act after making some general provisions adopted the act of 1857, in so far as its provisions were not inconsistent or in conflict therewith. Those three acts must be considered as one consolidated act, and all their provisions must be made to harmonize, so far as may be, in order to carry out the purpose the legislature had in view in their enactment.

It may be well, first, to note the provisions of the law of 1857, before it was amended by the act of 1869. The law of 1857, as originally passed, provided for two kinds of licenses (§ 2): one to be granted to keepers of inns, taverns or hotels, the other to persons denominated "storekeepers." The former were to be allowed to sell intoxicating drinks in quantities less than five gallons, to be drank on the premises. The latter were to be allowed to sell by small measure also, but not to be drank in the shop, house, out-house, yard or garden of the licensee. To these two classes of persons, and to none other, could licenses be granted under the original law. Then came the amendatory act of 1869, which in no way affected the subject as to inn, tavern or hotel keepers, but authorized the licensing of persons in the discretion of the commissioners of excise to sell "*ale or beer*," without, however, making an expression on the subject whether such beverages might or might not be drank on the premises of the licensee. Section 4 of this act reads as follows: "All the provisions of this act, as amended, shall be held to apply to the sale of ale or beer, except so much thereof as forbids the granting of license to any person, except to such persons as propose to keep an inn, tavern or hotel; and the commissioners of excise may, in their discretion, grant license for the sale of ale or beer, for a sum not less than ten dollars to other than those who propose to keep an inn, tavern or hotel." This amendment, as will be observed, provided for the licensing of a third class of persons; and thereafter, there were three classes of persons to whom licenses might be granted, to wit: inn, tavern or

O'Rourke v. People.

hotel keepers, storekeepers and such others as might be especially licensed to sell *" ale or beer."* Then came the act of 1870, which restated in general terms to whom licenses might thereafter be granted; and adopted the act of 1857 (as amended, of course), wherein were prescribed the qualifications and restrictions, attached to the power of the board, as to the granting of licenses, and also as to the right of sale by licensees. The act of 1870 omitted *storekeepers* under that designation; but authorized the licensing of *" any person or persons* of good moral character," who should apply in due form, and *"* be approved of by the board."

We must now recur to the provisions of the act of 1857, in order to determine the restriction which attached to the authority of the board of excise to license, or in other words, what rights of sale the board had the power by law to confer on licensees.

*First.* As regards inn, tavern and hotel keepers, there is no question raised. They might be licensed to sell intoxicating drinks by small measure, to be drank on the premises, subject to certain conditions and restrictions particularly specified in the act. But as above stated, no question is here raised affecting the right of persons licensed to keep inns, taverns and hotels.

*Second.* So, too, the board of excise could grant license to any person or persons, in their discretion, to sell by small measure, but not to be drank on the premises of the licensee.

The qualifications of this class of licensees are declared in the act of 1870; and the fee for license to them should not be less than $30 nor more than $150. Under such license, the licensee would be authorized to sell ale and beer, because within the signification of strong liquors. *Commissioners of Excise* v. *Taylor,* 21 N. Y. 173. Besides, ale and beer are specifically designated in the act. The condition or limitation which the law attaches to this class is that the licensees shall not be allowed to sell to be drank on the premises. This restriction is imposed by the provisions of the law of 1857. It is claimed, but as I think without basis of support, that such restriction does not exist since the passage of the act of 1870; that no such limitation is declared in that act, and that the provisions of restriction contained in the law of 1857 are in conflict therewith. The question then arises, are the provisions of the law of 1857, which prohibits the granting of licenses for the sale of intoxicating drinks by small measure, to be drank on the premises, to others than inn, tavern

and hotel keepers, and to persons especially licensed to sell ale and beer only, in conflict or inconsistent with the general provisions of the law of 1870 ? Let us consider this subject by bringing the two provisions together. The law of 1870 provides that the board of excise " shall have power to grant licenses to any person or persons * * * permitting him and them to sell and dispose of, at any one named place * * * strong and spirituous liquors, wines, ale and beer, in quantities less than five gallons at a time," etc. This act also provides (§ 6) that the provisions of the act of 1857 shall remain in force, and be taken and construed as part thereof, except in so far as the same are inconsistent or in conflict therewith. The act of 1857 declares (§ 6) that licenses shall not be granted to any person to sell strong and spirituous liquors to be drank on the premises of the person licensed, unless such person proposes to keep an inn, tavern or hotel. (The purport and effect of the amendatory act of 1869, as to ale and beer, will be hereafter separately considered). Now, are these provisions of law above cited inconsistent or in conflict to an extent that both cannot stand and have effect?

It has been deemed a wise policy during a long period in the history of our State, to prevent the sale of intoxicating drinks on the premises where sold, except under circumstances of restraint; hence two kinds of licenses were provided for, one of which while it allowed a sale in quantities less than five gallons, yet did not allow it to be drank on the premises. This was deemed to be, and doubtless was, wholesome in its results; as then no encouragement was given to the congregating of dissipated and idle persons at the place of sale. The result was attained by a special provision in the law qualifying the general provision; and such qualifying provision was never supposed to be inoperative for repugnancy. The act of 1857, like all, or nearly all preceding excise laws, recognized this policy. It authorized the licensing of inn, tavern and hotel keepers to sell strong and spirituous liquors to be drank on the premises of the licensee (§ 2) ; and it also provided for the licensing of "*storekeepers*," who were authorized to sell in quantities less than five gallons, but not to be drank in their shops, houses, outhouses, yards or gardens (same section). Then came the act of 1870, with the provision above cited; which extended the right of license to others besides storekeepers, to wit: " to any person or persons * * * permitting him and them to sell and dispose of, at any one named place * * * strong and spirituous liquors,

wines, ale and beer, in quantities less than five gallons at a time." This provision does not abrogate the section of the act of 1857, which declares that licenses shall not be granted to others than inn, tavern and hotel keepers, to sell strong and spirituous liquors to be drank on the premises. These provisions are to be read and construed together. The section of the act of 1857, having been adopted, by express terms, into the act of 1870, qualifies and limits the provisions of the latter act, in so far as that act gives the right to the board to license persons other than inn, tavern and hotel keepers, to sell intoxicating drinks. It is often the case that one section or provision of a law operates as a qualification and restriction of another; still the latter remains in force as qualified and restricted. Thus the law of 1857 prohibits the granting of licenses to persons other than inn, tavern and hotel keepers to sell in small measure to be drank on the premises of the licensee. The act of 1870 adopts this prohibition and declares it operative. The law of 1857 authorized the licensing of storekeepers, giving them also permission to sell by small measure; and the law of 1870 extended this right to *any person*, leaving, however, the general provision in the act of 1857 in force, which prohibited all persons, except inn, tavern and hotel keepers, from selling by small measure to be drank on the premises of licensees. Thus read together there is no conflict or inconsistency in these provisions; and thus construed they harmonize, and effect is given to the evident intent of the legislature.

It would seem that the law of 1870 superseded the provision in the act of 1857 which authorizes the licensing of *storekeepers* by that designation; for by the law of 1870 permission is given to the board of excise to license *any person or persons* to sell intoxicating drinks by small measure, in its discretion. In this law the right to license is not restricted to storekeepers, but extends to any person in the discretion of the board, and of course would embrace the former. Thus any person may be authorized by license, in the discretion of the board, to sell by small measure, not, however, to be drank on the premises, for by another provision none but inn, tavern and hotel keepers could be licensed to do that. This prohibition remains in force unless repealed by implication. A repeal of a law by implication is never allowed except from necessity; as when the two cannot stand together, the former is deemed to be repealed by the latter. *Spratt* v. *Huntington*, 48 How. 97, 101. Such is not

this case. Nor is it reasonable to suppose that such result was intended; for if such restriction be repealed, all restraint upon the licensing power to be exercised by the board of excise is abrogated, as regards the place where intoxicating drinks authorized by them to be sold shall be drank ; and then under a license granted in pursuance of section 4 of the act of 1870, the licensee might sell all kinds of intoxicating drinks by small measure, to be drank on his premises with impunity. Such is not, in my judgment, the condition of the law of this State. When read and construed as one legislative act, the law of 1857 and of 1870 are harmonious in this, that inn, tavern and hotel keepers may be licensed to sell intoxicating drinks by small measure, to be drank on the premises ; and any person or persons may also be licensed to sell by small measure, not to be drank on the premises. Against the licensing of any persons (except innkeepers) to sell intoxicating drinks by small measure, to be drank on the premises, there is a general and complete prohibition. It is as follows : ".Licenses shall not be granted to any person to sell strong and spirituous liquors and wines, to be drank on the premises of the person licensed, unless such person proposes to keep an inn, tavern or hotel." Laws 1857, chap. 628, § 6. This provision is not repealed by express terms, nor is it abrogated by necessary implication. It, therefore, stands in full force as the law of this State.

The construction above given harmonizes the various provisions of the law of 1857 and of 1870, secures wholesome police regulations, and sustains the general moral purpose sought to be attained by a useful and sound system of excise, applicable to the promiscuous sale of intoxicating drinks. Particular note has not been above taken of the law of 1869, which will now receive attention.

*Third.* There is also another class of licensees — persons who may be licensed to sell "*ale or beer*" under the law of 1869, amendatory of the act of 1857. For license to sell such beverage only, the fee is in the discretion of the board, not, however, to be less than $10. Can this class of licensee sell such beverages by small measure, to be drank on the premises ? The law does not give this right in express terms, but I am inclined to the opinion that it gives such right by fair if not necessary implication. The law reads as follows: "All the provisions of this act, as amended, shall be held to apply to the sale of ale or beer, except so much thereof as forbids the granting of license to any person except to such persons as propose

to keep an inn, tavern or hotel; and the commissioners of excise may, in their discretion, grant license for the sale of ale or beer for a sum not less than ten dollars, to other than those who propose to keep an inn, tavern or hotel." Laws 1869, chap. 858, § 4.

Now this law qualifies every section of the act of 1857, which, by express terms or by implication, forbids the granting of licenses to persons to sell ale or beer. Therefore, in every such section there must be understood to be an exception which will give this amendatory law due effect. Let us then insert such exception accordingly, and see then what the law is as applicable to the power of the board of excise to grant licenses to sell ale and beer.

The first section which bears on this subject in the act of 1857 is section 6. Insert the necessary exception, and this section will read as follows : " Licenses shall not be granted to any person to sell strong and spirituous liquors and wines (*except ale or beer*), to be drank on the premises of the persons licensed ;" and close the section with an express power to grant licenses to sell ale or beer to any person in the discretion of the board. (Last clause of above extract from section 4, act of 1869). The next section requiring an exception, is section 11. With the exception inserted, it will read as follows : " In all licenses that may be granted to sell strong or spirituous liquors or wines, in quantities less than five gallons (except to inn, tavern or hotel keepers, and except also to persons to sell ale or beer) there shall be inserted an express declaration that such license shall not be deemed to authorize the sale of any strong or spirituous liquors, or wine to be drank in the house or shop of the person receiving such license, or in any out-house, yard or garden appertaining thereto, or connected therewith." With the proper exception inserted therein, the sixth section will read thus: " Whoever shall sell any strong or spirituous liquors or wines (*except ale or beer*), to be drank in his house or shop * * * * without having obtained a license therefor as an inn, tavern or hotel keeper, shall forfeit fifty dollars for each offense."

Apply the amendatory law of 1869 to these three sections of the act of 1857, in the manner above stated, by inserting the proper exceptions therein, to give the former law effect, and there will remain no provision forbidding the granting of licenses by the board of excise to any person in their discretion, to sell ale or beer to be drank on the premises of the licensee ; nor any provision forbidding

or making penal the selling of those beverages by the person licensed, to be drank on the premises specified in his license.

Then why need any one take license at all to sell ale or beer? The answer is that there is still a provision of law which renders the selling thereof without license penal. Section 13 of the act of 1857 declares that "whoever shall sell any strong or spirituous liquors" (which terms embrace ale and beer) "or wines, in quantities less than five gallons at a time, without having a license therefor, *granted as herein provided,* shall forfeit fifty dollars for each offense." This provision applies to the amendatory law of 1869, which, while it removes all restriction upon the authority of the board of excise to grant licenses to any person in their discretion, to sell ale and beer in small quantities to be drank on the premises of the person licensed, or elsewhere, yet, provides for the granting of a license to sell such beverage; and adopts the law of 1857, which renders it penal to sell it without license.

Therefore, no person without license can sell ale or beer in quantities less than five gallons with impunity. But having license to sell such beverage, as authorized to be granted by the amendatory law of 1869, the licensee may sell it without any restriction as to the place where it is to be drank.

If the conclusions above declared be sound, there are, under the provisions of the excise laws of this State now in force, three classes of persons who may be licensed by the board of excise to sell intoxicating drinks, to wit: (1) Inn, tavern and hotel keepers, who may, under proper license, sell in quantities less than five gallons, to be drank on the premises; (2) Persons who may sell by small measure, not to be drank on the premises; and (3) persons who may sell "ale or beer" only, without restriction as to the place where the same may be drank.

In the case at bar, no justification was offered for the sale proved against the plaintiff in error, under an innkeeper's license. He was not an innkeeper, nor did he attempt to justify the sale as such. Nor did his license, offered in evidence, afford him protection for the sale of strong and spirituous liquors (except ale and beer), to be drank either on or off his premises. It could not justify a sale by him (except of ale or beer) in quantities less than five gallons, to be drank on his premises; for the board of excise had no authority to grant such license to any others than to inn, tavern and hotel keepers, and to persons to sell ale and beer under the

provision of the act of 1869. And it did not justify a sale by him (except of ale and beer) by small measure, to be drank elsewhere, because it did not contain the clause required to be inserted by section 11 of the act of 1857, without which the licensee would, in case of sale, be amenable to section 13 of that act; which last-mentioned section declares a penalty against persons who sell without license granted as in that act provided. The license offered in evidence was of no force or effect whatever, except as to ale and beer. The question then is, whether it was effectual to protect the licensee for the sale of ale and beer on draught. If so, there being by law no restriction as to the place where it might be drank, the sale proved against the plaintiff in error was justified by it. The law of 1870 authorized an application for, and the granting of a license to sell "ale and beer." Section 4 of the law of 1869 fixed the terms. Here, in this case, the licensee applied for greater privileges, to wit: the right to sell generally, strong and spirituous liquors and wines, as well as ale and beer, and it seems the board of excise attempted to confer those greater rights. In this there was a failure. But I am unable to perceive any good reason why the license was not good to the extent the board had authority to license. It is plain that it was intended by the board to grant the privilege to the licensee to sell ale and beer. Such intent appears on the face of the license. It grants the right in express terms. Strike therefrom all that is valueless in law, and the license is complete as a license to sell ale and beer. It does not follow that if inoperative in part, it is therefore void *in toto*. The board of excise intended to grant, and did in fact grant, to the licensee the right to sell ale and beer at his saloon. This the board might do by law.

Whatever else was desired or was attempted to be done beyond the power of the board to do, and in no way affecting what it might do, would not vitiate and render void that which was done by lawful authority. The granting of the license was a judicial act. The judgment and discretion of the board were exercised with a view to meet the requirements of law applicable to the granting of a license to sell ale and beer. So the board adjudged in favor of the application, under the provisions of law; and according to its requirements determined the character of the applicant, the fitness of the proposed place of sale and the amount to be paid for the license.

I can perceive no reason why a license may not be so framed as to

combine the right to a licensee, other than an innkeeper, to sell strong and spirituous liquors and wines by small measure, with the special right to sell ale and beer. If all the conditions and requirements of the law be satisfied, the applicant may, I think, be allowed to sell strong and spirituous liquors and wines, to be drank off his premises, and ale and beer to be drank thereon. Both privileges may be granted to the same person, to be exercised at one and the same place. If so, why may not the board, observing all requisite formalities, combine both in one license? I can see no good reason why this may not be done. This subject of inquiry is not, however, of any importance in this case.

The questions here are whether boards of excise have authority in law to grant licenses to persons other than inn, tavern and hotel keepers, to sell *ale and beer* in quantities less than five gallons, to be drank on the premises; and if so, then whether the plaintiff in error in this case held such license at the time of the sale of ale proved against him. These questions must be answered in the affirmative. The license offered in evidence afforded a justification of the sale proved against the plaintiff in error, and its exclusion on the trial was erroneous.

There is no force in the suggestion that the statute does not, in express terms, declare the unauthorized sale of intoxicating drinks a misdemeanor, or declare it punishable as such. It is sufficient that the act charged in the indictment is declared by law to be an offense, and is made penal. This subject is not open to discussion, having been elaborately considered and definitely settled by the Court of Appeals. *Behan* v. *People,* 17 N. Y. 516 ; *Hill* v. *People,* 20 id. 363 ; *Foote* v. *People,* not yet reported. But the conclusions above stated require that a new trial be granted.

The judgment and conviction is reversed and a new trial granted.
*Judgment reversed and new trial granted.*