THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff in Error, *v.* JOHN G. HISLOP, Defendant in Error.

Where a statute creates a new offence, making that unlawful which was lawful before, and prescribes a particular penalty therefor, that penalty alone can be enforced; the offence is not indictable.

Accordingly *held,* that the offence of selling liquor to an intoxicated person, created by the excise law of 1857 (§ 18, chap. 628, Laws of 1857), was not indictable and punishable as a misdemeanor.

*Behan* v. *The People* (17 N. Y., 516), distinguished.

(Argued April 21, 1879; decided May 20, 1879.)

ERROR to the General Term of the Supreme Court in the fourth judicial department to review judgment reversing proceedings on *habeas corpus,* under and by which the said defendant in error was remanded to custody, and discharging him from imprisonment. (Reported below, 16 Hun, 577.)

The defendant in error was arrested upon a criminal warrant issued by a police justice of the village of Palmyra, charging him with a misdemeanor in selling liquor to an intoxi-

cated person, contrary to the provisions of section eighteen, chapter 628, Laws of 1857. He pleaded guilty, and was sentenced to imprisonment in the county jail twenty days, and to pay a fine of twenty-five dollars, and to stand committed until paid. While in custody he procured a writ of *habeas corpus*, and asked for his discharge upon the ground, among others, that a violation of said section was not a misdemeanor, or punishable as such.

*Wm. F. Coggswell*, for plaintiff in error. The violation of section 18, chapter 628 of Laws of 1857, was a misdemeanor, and punishable as such. (*Behan* v. *People*, 17 N. Y., 516; *Hill* v. *People*, 20 id., 363, 367; *Foote* v. *People*, 56 id., 321; *People* v. *Tighe*, 5 Hun, 25.)

*Charles McLouth*, for defendant in error. Where an act is prohibited which has never been prohibited before, and a penalty is affixed for its violation, and the manner of collecting such penalty is pointed out, no other or different penalty exists, and no indictment will lie. (*Rex* v. *Wright*, 1 Burr., 543, 544, 545; Hale P. C. of the Crown, 171; *Rex* v. *Robinson*, 2 Burr., 803; *People* v. *Stevens*, 13 Wend., 341, 342; *People* v. *Brown*, 16 id., 561; *People* v. *Behan*, 17 N. Y., 517; S. C., 3 Park, 683; id., 562; *People* v. *Foote*, 56 N. Y., 331; *People* v. *Van Zandt*, 2 Parker, 168–172, 173; *People* v. *Page*, 3 id., 600; *Brown* v. *B. and St. Line R. R.*, 22 N. Y., 197, 198; *Clark* v. *Brown*, 18 Wend., 220; *Stafford* v. *Ingersoll*, 3 Hill, 38–41; *Almy* v. *Harris*, 5 J. R., 175; *Behan's Case*, id., 17 N. Y., 517, under § 13; *Foote's Case*, id., 56 N. Y., 324, under § 13; *Hill's Case*, 20 N. Y., 363, under § 7; *O'Rourk's Case*, 3 Hun, 225, under § 14; *Foote* v. *People*, 56 N. Y., 322.)

CHURCH, Ch. J.   But for the *Behan Case* (17 N. Y., 516), I should have no hesitation in holding that the offence of selling liquor to an intoxicated person, created by section eighteen, of the excise act of 1857, is not indictable and punishable as

a criminal offence. It is not declared to be a misdemeanor, in that or any other act. It was not a criminal offence at common law, nor by any previous statute. A specific penalty is imposed for the offence, and a mode prescribed for enforcing it. The section reads : "Whoever shall sell or give away any strong or spirituous liquors or wines, or shall suffer any such liquors or wines to be sold, or given away under his direction or authority, to any intoxicated person, shall forfeit not less than ten, nor more than twenty-five dollars, for each offence." Section twenty-two, provides that the penalty shall be sued for and recovered in the name of the board of commissioners of excise, and paid over to the treasurer of the county. When a statute creates a new offence, and makes that unlawful, which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced. The offence in such case is not indictable. (*People* v. *Stevens*, 13 Wend., 341; *Lane* v. *Brown*, 16 id., 561; *Rex* v. *Wright*, 1 Burr., 543.)

The question is whether the *Behan Case* (*supra*), should be regarded as authoritative in this. The point in that case was whether selling liquor in quantities less than five gallons without a license was a criminal offence punishable by indictment, and this court held that it was, and while some of the reasoning of the opinion would apply to the offence prescribed by section eighteen, much stress was laid upon the fact that the offence of selling liquor without license had in previous excise laws been made a criminal offence, and that the general scope of the statute, especially sections sixteen and twenty-nine, implied that the Legislature intended to continue it as such. In *Hill* v. *The People* (20 N. Y., 363), the question was whether a person arrested for intoxication was entitled to a trial by jury, and it was held that intoxication was a criminal offence under the seventeenth section, and that a person accused thereof was entitled to a jury trial. This conclusion would seem to be justified by the language of the seventeenth section itself, without resting entirely on the *Behan Case*. It declares " such intoxication being hereby declared to be

an offence against the provisions of the act, punishable, upon conviction," by fine and imprisonment.    STRONG, J., in delivering the opinion, intimates a doubt as to the correctness of the decision in the *Behan Case*, but regards it as a binding authority.

In *Foote* v. *The People* (56 N. Y., 321), we held that the latter part of *section* twenty-nine, declaring certain offences to be misdemeanors, and prescribing a specific punishment therefor, did not apply to all offences against the provisions of the act, but only to the offences in that section antecedently specified.    In all the opinions delivered upon this statute the learned judges have regarded this act not as a complete system of excise, framed and put together to operate harmoniously as a whole, but as an act made up of fragments, and independent provisions, many of them inserted during the passage of the act, without much regard to arrangement, or relation to other portions.    FOLGER, J., in delivering the opinion in the *Foote Case*, said : " A careful perusal of its various sections induces the idea that many sections were framed and adopted with no thought of others in the act, so far as the grade of the offence, or the degree of punishment was concerned. Thus, it is an act of substantially thirty-two sections, yet in seventeen of them exclusive of the twenty-ninth, offences are declared ; in four of which seventeen, the offence is called a misdemeanor, in all of which seventeen, a penalty or punishment is attached, in thirteen of which seventeen the punishment is different ; in each of two thereof, two different offences are declared with different punisments annexed to each of those two offences we find the statute throughout declaring certain acts to be offences ; after giving them no place in the gradation of crime, and affixing to them no punishment usually inflicted upon a criminal offender, and again ranking others of them as misdemeanors, and specifying the punishment with no nomination of the grade of the offence."

There is ample room for the application of the provisions of the sixteenth and twenty-ninth sections if they are confined to offences declared in the act to be criminal, but in view

of the previous legislation of the State, and the implication contained in these sections, a legislative intent to make the unauthorized selling of liquor a misdemeanor, might naturally be inferred, and to that extent we regard the *Behan Case*, as a binding authority, but here we have an independent provision, complete in itself, making a specific act for the first time unlawful, and affixing to its commission a specific penalty, and prescribing the mode of enforcement. In the absence of any provision declaring the act to be punishable as a crime, and without any light thrown upon the intent of the Legislature by previous legislation, I am unable to see how it can be held a crime without overturning fundamental rules of law, and establishing a dangerous precedent. The intent of the Legislature to elevate an act to the importance of a crime, cannot be imputed by loose inferences, and doubtful implications, but must be made to appear with reasonable certainty. We may guess that the Legislature intended to make all prohibited acts, criminal offences, but it is impossible to so affirm with any degree of certainty, and the fact that they did not so declare, is indicative that they did not so intend.

In the *Foote Case* it was argued that the offences declared to be misdemeanors in the twenty-ninth section was intended to embrace all the offences against the provisions of the act because other offences were not elsewhere declared crimes, and that it must be inferred that the Legislature intended to make them all crimes. This view did not prevail, and it was held that the clause in the twenty-ninth section referred only to offences specified therein.

I am of opinion that the authority of the *Behan Case*, should not be extended, and that it is not controlling in this case.

The judgment must be affirmed.

All concur.

Judgment affirmed.