THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR, *v.* PATRICK CROWLEY, PLAINTIFF IN ERROR.

*Criminal law — disturbance of religious meetings — when the offense is indictable at common law — 1 R. S., 674, § 64.*

The plaintiff in error was tried upon an indictment charging that on the 1st day of June, 1879, at the town of Manlius, in the county of Onondaga and the State of New York, he, in the Church of the Immaculate Conception, during the celebration of divine service, "unlawfully, unjustly and irreverently did disturb and hinder one James O'Reilly, then and there being the minister and pastor officiating in the said church, and then and there being in the discharge of his sacred functions and in the performance of divine service."

*Held,* that the offense charged therein was indictable at common law, and that the provisions of the Revised Statutes (1 R. S., 674, § 64) prohibiting the disturbance of religious meetings were not inconsistent with nor did they take away the common-law remedy by indictment.

WRIT of error to the Court of Sessions of Onondaga county, to review a conviction of the plaintiff in error for disturbing a religious meeting.

*W. P. Goodelle,* for the plaintiff in error.

*W. C. Ruger,* for the defendants in error.

SMITH, J.:

The indictment contained two counts. The first count charged that at the town of Manlius, in said county, on Sunday, the first

day of June, 1879, the plaintiff in error, in the "Church of the Immaculate Conception," there situate, during the celebration of divine service, "unlawfully, unjustly and irreverently did disturb and hinder one James O'Reilly, then and there being the minister and pastor officiating in the said church, and then and there being in the discharge of his sacred functions, and in the performance of divine service," etc. The second count was sought to be framed under the provisions of the Revised Statutes, designed to prohibit the disturbance of religious meetings. (1 R. S., 674, § 64.) But as that count is not recited in the judgment it may be laid out of view. The prisoner at first pleaded not guilty to the indictment, but afterwards withdrew his plea and demurred, and the demurrer having been overruled, he was sentenced to be imprisoned in Onondaga County Penitentiary, at hard labor, for the term of three months, and to pay a fine of fifty dollars and to stand convicted until the fine is paid.

The principal question argued before us is whether the offense charged in the first count is indictable at common law. The citations made by the counsel for the defendants in error seem to show that it is. In England the disturbance of religious meetings has long been considered a common-law offense. The offense consisted not only in disturbing the congregation, but also in disturbing the minister or curate. Chitty, in his Criminal Law (vol. 2, p. 21), following a precedent in Tremaine's Pleas of the Crown, gives a form charging that a certain person "with force and arms, unlawfully, unjustly and irreverently, did disturb and hinder one E. F., clerk, then being curate of the parish church aforesaid, and in the execution of his office, etc., in contempt of the laws of the realm, to the evil example of others," etc. That form was followed and sustained at an early day in this State, in the case of *People* v. *Degey* (2 Wheeler's Cr. Cas., 135), the indictment in that case charging that Degey, "during the celebration of divine service, unlawfully, unjustly and irreverently did disturb and hinder one Jonathan Vanvelser, then being the minister officiating in said church, and then being in the discharge," etc. The form has received the sanction of Wharton in his work on Precedents (form No. 863), and is adopted in Bishop's Criminal Procedure (Vol. 2, § 242).

In the case of the *United States* v. *Brooks* (4 Cranch C. C., 427),

CRANCH, Ch. J., said : "An indictment at common law in England, will lie for ' unjustly and irreverently disturbing and hindering the curate of a parish in the exercise of his office and the reading of divine service.' That, it is true, was for the disturbance of divine service as established by law; but in this country there is no established church, all being equally protected by law, and each sect having as perfect a right to be free from disturbance in the public worship of God, according to their own forms, as the established church in England has by the common law."

Our statute, already referred to, does not take away the remedy by indictment existing at common law. It is not inconsistent with the common-law remedy, and is cumulative merely. (*Behan* v. *The People*, 17 N. Y., 516; *Candee* v. *Hayward*, 37 id., 653; *People* v. *N. Y. C. and H. R. R. R. Co.*, 74 id., 302.)

The demurrer was properly overruled. The conviction should be affirmed and the proceedings remitted to the Court of Sessions of Onondaga county, without prejudice to the right of the prisoner to move that court to open the judgment and grant him leave to withdraw his demurrer and plead to the indictment.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.