THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of FRANK J. JONES, Respondent, *v.* JACOB SAGAT, Appellant.

First Department, March 2, 1923.

Crimes — violation of Building Zone Resolution, art. II, §§ 2 and 3, adopted by board of estimate and apportionment of New York city — board had no power to create crime and prescribe penalty according to Tenement House Law — notice not served in time under Tenement House Law, § 142.

The board of estimate and apportionment of the city of New York had no power to create a crime out of a violation of sections 2 and 3 of article II of the Building Zone Resolution and prescribe a penalty therefor according to the provisions of the Tenement House Law, and, therefore, the defendant is not criminally liable for conducting a small tailoring business in his living quarters in violation of said zoning resolution.

Furthermore, notice served on the defendant under section 142 of the Tenement House Law was not served in time to fix any liability inasmuch as it was served with the summons, whereas said section requires notice of violation to be served five days before the time for doing the thing in relation to which it shall have been issued.

APPEAL by the defendant, Jacob Sagat, from a judgment of a Court of Special Sessions (City Magistrates' Court) of the City of New York, Borough of The Bronx, Eighth District, rendered on the 17th day of March, 1922, convicting him of a misdemeanor in permitting a room in a tenement house owned by him to be used for tailoring and dressmaking purposes in violation of sections 2 and 3

of article II of the Building Zone Resolution adopted by the board of estimate and apportiomnent of the city of New York on the 25th day of July, 1916. (See Minutes Bd. Est. & Apport. of City of New York, 1916, vol. 5, p. 4244; Cosby's Code of Ordinances [Anno. 1922], p. 583.)

*Nathan D. Shapiro* [*Leon J. Shapiro* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel,* for the respondent.

FINCH, J.:

The defendant is a part owner of the premises involved. The tenant, who apparently is conducting a small tailoring business in his living quarters, rented his apartment and commenced to carry on such business before the present owners acquired title to the property, and such condition existed at the time the property was acquired and there is no proof that the defendant ever knew for what purpose the tenant was in part using his apartment.

The defendant was prosecuted by the tenement house department under section 22 of article V of the above-mentioned Building Zone Resolution, providing in part as follows: " This resolution shall be enforced by the tenement house commissioner * * * under the rules and regulations of the Board of Standards and Appeals. The tenement house commissioner shall enforce the provisions herein contained in so far as they affect or relate to tenement houses as defined by the Tenement House Law. * * * For any and every violation of the provisions of this resolution or of the rules and regulations adopted thereunder, the owner, general agent or contractor of a building or premises where such violation has been committed or shall exist, * * * shall be liable to the same legal procedure and the same penalties as are prescribed in any law, statute or ordinance for violations of the Building Code, and for such violations the same legal remedies shall be had and they shall be prosecuted in the same manner as prescribed in any law or ordinance in the case of violations of said Building Code." (See Minutes Bd. Est. & Apport. of City of New York, 1916, vol. 5, p. 4251; Cosby's Code of Ordinances [Anno. 1922], pp. 594, 595.)

It is clear that in thus attempting to create a crime and prescribe a penalty therefor, the board of estimate and apportionment exceeded its jurisdiction and improperly assumed a power vested exclusively in the Legislature. (*People* v. *Hislop,* 77 N. Y. 331.) The Legislature did not create a crime out of a violation of the Building Zone Resolution. The fact that under section 242b of the Greater New York charter (Laws of 1901, chap. 466, added by

Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497, and Laws of 1917, chap. 601) the regulations may be enforced by the tenement house commissioner does not make a violation of such regulations a violation of the Tenement House Law so as to be subject to the penalties provided by said act. In other words, the board of estimate and apportionment cannot create a new crime by the simple expedient of adopting a resolution and providing a penalty for its violation according to the provisions of the Tenement House Law, violations of which latter law the Legislature of the State has classified as and made a crime. (See Tenement House Law, § 124, as amd. by Laws of 1916, chap. 319.) Moreover, in any event section 142 of the Tenement House Law provides that " every notice or order in relation to a tenement house shall be served five days before the time for doing the thing in relation to which it shall have been issued." The information charged that the defendant knowingly violated an order of the tenement house department, yet the record shows that the notice of violation and the summons were served together. The respondent contends that the provision as to notice applies to a civil action for a penalty and does not apply to a criminal proceeding. No authorities are cited in support of this contention, and it would seem to be directly contrary to the provision of said section 142. There would seem to be greater reason to require an opportunity to abate a violation prior to a criminal prosecution than prior to a civil action for a penalty. Other points are raised by the appellant, but in view of the result reached, it is unnecessary for the court to pass upon them.

It follows that the judgment should be reversed, the fine remitted and the defendant discharged.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment reversed, fine remitted, and defendant discharged. Settle order on notice.