Per Curiam.
 

 The order of the Appellate Division should be affirmed.
 

 The challenged designating petition bore 98 signatures with 44 required to place the name of the candidate on the ballot. On duly filed objections and specifications the Board of Elections invalidated 52 signatures leaving a balance of 46 on which basis it duly certified the candidacy.
 

 In the present proceeding under subdivision 1 of section 330 of the Election Law to nullify the determination of the Board of Elections, petitioner called no witnesses, electing to rely entirely on the designating petition itself. Special Term annulled the action of the Board of Elections and invalidated the designating petition. In so doing that court struck one additional signature (the invalidity of which is not now contested), deleted 4 signatures (duplicates of which had already been invalidated by the Board of Elections) and invalidated 10 signatures for alleged alteration of the dates thereof. We observe that the precise disposition at Special Term with respect to these last 10 signatures is not entirely free from doubt. At one point it is stated, "notwithstanding any other proof, the proceeding herein can be decided on the evidence concerning the [duplicative signatures]”; subsequently, however, reference is made to "strong evidence of alteration”. We proceed on the assumption most favorable to appellant, namely that Special Term held these 10 signatures invalid. Removal, then, of this total of 15 additionally invalidated signatures left only 31, well short of the required 44. The
 
 *791
 
 Appellate Division, however, reversed and dismissed the section 330 petition.
 

 Two issues are presented for our resolution — the validity of the 10 signatures allegedly tainted by alteration of date on the designating petition, and the validity of the remaining set of 4 duplicative signatures.
 

 We note that the Appellate Division in reversing makes no reference in its memorandum to the alleged alteration or to any consequence which might flow therefrom. We conclude that the determination of invalidity of these 10 signatures by Special Term must have been rejected, for to have sustained their invalidity, irrespective of the disposition of appellant’s other contentions, would have brought the total number of valid signatures below 44 and thus mandated an affirmance.
 

 In our view there is no basis in this record to invalidate these 10 signatures on the ground of alleged "alteration”. Our examination of the original designating petition satisfies us that there was no "alteration”. It appears only that on the sheet in question the dates of signatures were completed by the use of two pens and that in seven instances the word "June” was written over the numeral "6” in the expression "6-21-75”. Where there is no inconsistency in the overwriting and no evidence as to significant differences of times or circumstances of the writings, there is no inference of impropriety or fraud. In any event, confronted with the alternative determinations of what is a mixed question of fact and inference, by Special Term and at the Appellate Division, we choose the determination made implicitly at the Appellate Division — that the alleged "alteration” constituted no impropriety. (Cohen and Karger, Powers of the New York Court of Appeals, pp 481-489;
 
 People ex rel. MacCracken v Miller,
 
 291 NY 55, 61.)
 

 On the issue of duplicative signatures, here, too, we agree with the Appellate Division that, again without supplementing proof of impropriety or fraud, only one rather than both sets of the signatures should be deleted. (Cf. Election Law, § 136, subd 8.) One set having already been invalidated by the Board of Elections, it was error to strike the other set as well.
 

 In sum, then, we conclude that the candidate’s designating petition had 45 valid signatures, one more than was required.
 

 
 *792
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed, without costs.