OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, the petitions to invalidate granted and the petition to validate dismissed.
Anna Jefferson submitted a designating petition for the office of State Senator and she and Stanley E. Clark submitted a designating petition together for positions on the Democratic State Committee. In both instances, the cover sheets accompanying the petitions contained all the information required by the Election Law (§ 6-134, subd 2) *698 except that they overstated the total number of signatures. In the petition for State Senator, the cover sheet indicated a total of 5,074 signatures although it actually contained 3,831 signatures. In the petition for positions on the Democratic Committee, the cover sheet indicated a total of 3,325 signatures although it actually contained 2,083. The discrepancies were said to have been produced when the worker tabulating the signatures on each page failed to clear the calculator before adding the totals together.
The Election Law requires that the cover sheet state the total number of signatures each petition contains (Election Law, § 6-134, subd 2). The requirement is a matter of substance and must be strictly complied with (see Matter of Smith v Mahoney, 60 NY2d 596; Matter of Engert v McNab, 60 NY2d 607; Matter of Hutson v Bass, 54 NY2d 772). The candidates’ characterization of the overstatements as inadvertent mathematical errors of commission, rather than acts of omission, does not excuse the admitted failure to strictly observe the statutory commands.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.