The People of the State of New York, Respondent, v Mary Jo Weaver, Appellant.

Third Department, January 3, 1985

APPEARANCES OF COUNSEL

*Michael West* for appellant.

*Michael L. Breen, District Attorney*, for respondent.

OPINION OF THE COURT

Mikoll, J.

Defendant was convicted of perjuring herself in testimony offered by her either before the Grand Jury investigating the

circumstances involved in the ingestion of morphine by her paramour, Stanley Chichester, which resulted in his falling into a continuing comatose state, or at the trial of one Gary Armistead, who was charged with sale of the morphine to Chichester. On this appeal, she alleges that the trial court erred in not permitting her to call the prosecuting attorney as a witness, in not recusing him from her trial and in failing to set aside the verdict. Defendant also seeks a modification of her sentence of one to three years in prison as harsh and excessive.

The motion to recuse the District Attorney was made on September 12, 1983, when the matter had been called for trial and a jury panel was standing by for selection. Defendant sought to call the District Attorney as a witness because he was the one responsible for questioning her both before the Grand Jury and at the trial of Armistead. It was defendant's contention that it was the District Attorney's responsibility to prepare her to testify in those two proceedings and to inform her of relevant rules of evidence. The trial court disallowed the request to recuse the District Attorney as being untimely, and on the further ground that defendant had failed to demonstrate that there was a significant possibility that the District Attorney's conduct would be an issue in the case. On this appeal, defendant more precisely articulates the basis of the request to recuse the District Attorney than was made before the trial court. It is her contention that much of the crucial testimony she offered before the Grand Jury was based on surmise and not on direct knowledge. Defendant argues that it was prosecutorial misconduct for the District Attorney to have failed to perceive that her direct testimony of seeing and hearing things was really based on assumptions rather than direct knowledge.

■ The "decision to allow the defense to call the prosecutor as a witness rests in the sound discretion of the trial court" (*People v Paperno,* 54 NY2d 294, 302-303). Both the timeliness of the request and whether the pretrial activity of the prosecutor will render his participation in the trial unfair are relevant considerations on the issue. In this case, we find that the trial court did not abuse its discretion in denying the relief sought. Defendant made no allegations before the trial court of prosecutorial misconduct of a nature which would have caused her to testify at the Armistead trial at variance with her Grand Jury testimony. Thus, defendant failed to show that the District Attorney's pretrial activity would be a material issue in her trial. Even her more amplified explanation on this appeal as to the basis of her motion lends no assistance to her argument. The District Attorney is not expected to be prescient in such matters. He takes his

witnesses at face value unless he is put on notice that something is amiss. Defendant testified with certainty and there was no reason to doubt her. We further note that defendant was assisted by private counsel at the time of her Grand Jury testimony and sought his advice on how she should proceed in the matter.

The trial court also properly denied defendant's motion to set aside the jury verdict. The credibility of defendant's claim that her inconsistent testimony was not intentional was an issue of fact for resolution by the jury. This conflict was resolved against defendant and we find no reason to disturb that finding (see *People v Dunleavy*, 41 AD2d 717, affd 33 NY2d 573).

We also find that the sentence imposed was appropriate to the gravity of defendant's transgression. As the trial court noted, her testimony was calculated to protect herself and then to assist Armistead avoid the consequences of his actions which contributed to the dreadful consequences suffered by Chichester.

MAHONEY, P. J., MAIN, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed.