(August 21, 1985)

■ In the Matter of JOYCE BLAND et al., Respondents, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and JOSEPH M. PARROTTA, Appellant. (And Another Proceeding.)—In proceedings to validate and invalidate petitions des-

ignating Joseph M. Parrotta as a candidate in the Republican Party primary election to be held on September 10, 1985 for the public office of President of the Borough of Brooklyn, the appeal, as limited by Joseph Parrotta's brief, is from so much of a judgment of the Supreme Court, Kings County (Aronin, J.), dated August 12, 1985, as invalidated his designating petition.

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, application to validate the petition of Joseph M. Parrotta granted, application to invalidate the petition denied, and the Board of Elections is directed to place the name of Joseph M. Parrotta on the appropriate ballot.

The instant proceedings concern applications to invalidate and to validate Joseph M. Parrotta's designating petition as candidate for the Republican nomination for Borough President of the Borough of Brooklyn.

At oral argument before Special Term, the petitioners, seeking to invalidate Parrotta's designating petition, maintained that the petition was invalid because the cover sheets failed to correctly indicate the total number of signatures in the entire petition as required by Election Law § 6-134. Specifically, they claimed that the cover sheets overstated the actual number of signatures contained in the petition by a figure of 45. Joseph M. Parrotta did not dispute that the cover sheet overstated the total number of signatures by approximately 45 signatures. However, even absent a consideration of the above 45 signatures, Parrotta had 6,588 signatures, while the required number of signatures needed to qualify for a position on the ballot was 4,673. Special Term, after finding that there was an overstatement of 45 signatures, granted the application to invalidate the petition on the basis of the Court of Appeals decision in *Matter of Hargett v Jefferson* (63 NY2d 696).

Special Term erred in invalidating the designating petition. The percentage of overstatement, 68 one hundredths of 1%, is de minimis. Under these circumstances, the strict compliance standard set forth in *Matter of Hargett v Jefferson (supra)* should be deemed satisfied (*see, Matter of Staber v Fidler*, 110 AD2d 38; *Matter of Fromson v Lefever*, 112 AD2d 1064). In light of the foregoing decision, it is not necessary to reach the constitutional issue. Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.