■ In the Matter of ARTHUR COMSTOCK, Appellant, v GEORGE WOLF et al., Respondents, and JAMES F. X. DOYLE et al., Respondents-Respondents.—In a proceeding to invalidate a petition designating James F. X. Doyle, Harry E. Campbell and Edward J. Kiley as candidates in the Conservative Party primary election to be held on September 10, 1985 for certain public offices in the County of Suffolk, the appeal is from a judgment of the Supreme Court, Suffolk County (Murphy, J.), dated August 1, 1985, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

Candidates Doyle, Campbell and Kiley submitted a designating petition to the Suffolk County Board of Elections. The petition contained 1,745 signatures in three bound volumes.

In this proceeding, appellant argues first that the petition should be invalidated due to alterations made on the cover sheets to the three volumes. The alterations consisted of corrections made to the statement of the total number of pages and signatures in volume three. They were made to avoid invalidation of the petition for failure to provide the information required on cover sheet. The statements, as altered, were correct.

No requirement of the Election Law was violated here. Unlike the requirements with respect to a subscribing witness's attestation clause (Election Law § 6-132 [2]), there is no requirement in the Election Law that the numbers on the cover sheet may not be changed to conform to the correct totals. The cover sheet simply alerts the reader to the designating petition's general contents and the requirements with respect thereto adequately serve the statutory goals of aiding in the review of the petition and of preventing fraud. Since there is no prohibition against alterations on cover sheets, appellant cannot successfully argue that the designating petition failed to strictly comply with a substantive statutory requirement (*see, Matter of Hargett v Jefferson,* 63 NY2d 696).

Appellant also challenges the fact that a duplicate copy of signature page 110 of the petition appeared in photocopied form as page 23 thereof. The Board of Elections properly

invalidated the duplicate page rather than both the duplicate and original (*see, Matter of McShane v Coveney,* 37 NY2d 789, 791). There is no authority to support appellant's argument that the inclusion of the duplicate page should be cause to invalidate the entire petition.

Finally, appellant claims that volume three of the designating petition contains 649 signatures while the cover sheet states that that volume contains 646. This is a de minimis error, borne out of caution, that will not invalidate a petition (*see, Matter of Fromson v Lefever,* 112 AD2d 1064; *Matter of Staber v Fidler,* 110 AD2d 38; *Matter of Fox v Westchester County Bd. of Elections,* 112 AD2d 1063; *Matter of Jonas v Black,* 104 AD2d 466, *affd* 63 NY2d 685).

None of the claimed errors carries a potential for abuse or fraud. They are inconsequential and the proceeding was, accordingly, properly dismissed (*Matter of Fromson v Lefever, supra; Matter of Jonas v Black, supra*). Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.