■ In the Matter of DAVE FROMSON Appellant, v SANDRA LEFEVER et al., Respondents, and JOHN J. CAIN, Respondents-Respondents.—In a proceeding to invalidate petitions designating certain candidates in the Democratic Party primary election to be held on September 10, 1985 for certain public offices in the Town of Clarkstown and County of Rockland, the appeal is from a judgment of the Supreme Court, Rockland County (Donovan, J.), entered August 2, 1985, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

John J. Cain and the other named candidates submitted to the Rockland County Board of Elections designating petitions

for various public offices. The cover sheet to the petitions stated that they contained 1,110 signatures, when the petitions in fact contained 1,118 signatures. Five hundred signatures are required for the offices involved. The difference between the number of signatures set forth on the cover sheet and the number contained in the petitions was due to a discrepancy on page 46 between the subscribing witness's statement of the number of signatures and the actual number of signatures. While there were 20 signatures on that page, the subscribing witness stated that there were only 12. The Board of Elections declined to invalidate the entire petitions based on an error confined to a single page. The instant proceeding, commenced by appellant Fromson to invalidate the designating petitions, was dismissed by Special Term on the authority of *Matter of Jonas v Black* (104 AD2d 466, *affd* 63 NY2d 685), and we affirm.

Appellant insists this case must turn on the Court of Appeals holding in *Matter of Hargett v Jefferson* (63 NY2d 696). That case, decided last year, has resulted in a number of challenges attacking minor mathematical errors and other inconsequential errors in designating-petition cover sheets that should not, in our view, serve as the basis for invalidating petitions otherwise in compliance with the strict requirements of the Election Law. In *Hargett*, the Court of Appeals reiterated the principle that there must be strict compliance with the requirements of the Election Law, especially section 6-134 thereof regarding designating petitions, and that a petition will be held invalid for noncompliance with said requirements even if the number of signatures offered amply exceeds the minimum required. However, strict compliance does not require invalidation in all cases, however minor and inconsequential an error may be (*Matter of Jonas v Black, supra*). The de minimis error herein contrasts, for example, with the blatant misstatement of the number of signatures in *Hargett* (*supra*) where 5,074 signatures were claimed on one petition which actually contained 3,831 signatures and 3,325 signatures were claimed on a second petition which actually contained 2,083. While a reason—a failure to clear the calculator when adding the results—was proffered in that case, the large disparity could not be considered an inconsequential error, or one free of the potential for abuse or the suspicion of fraud.

Errors of the kind at bar may be due to understatements by a subscribing witness as to the number of signatures on his or her petition page, the misreading of a digit, or the miscount-

ing of individual signatures by persons who are tallying hundreds of signatures. While several courts have opined, for example, that "[a] repeat of * * * scenario[s] [involving technical errors on a face sheet] is highly unlikely" (*Jefferson v Abrams*, 747 F2d 94, 97) or that "only the careless or inadvertent failure to follow the mandate of the statute * * * [will] give * * * rise to the complaints that come before us" (*Matter of Higby v Mahoney*, 48 NY2d 15, 20), experience has been to the contrary. Errors in signature tallies and other technical difficulties continue to proliferate. One week ago, in *Matter of Staber v Fidler* (Sup Ct, Kings County, Held, J., Aug. 12, 1985, *modified on other grounds* 110 AD2d 38) it was observed that "courts throughout New York City are being inundated with 'face sheet' arguments. In Kings County alone, approximately one-half of all contested matters claim mathematical errors as to the total number of signatures on the face sheets of the petition". A similar pattern has developed in appeals before this court (*see, e.g., Matter of Staber v Fidler, supra; Matter of Fox v Westchester County Bd. of Elections*, 112 AD2d 1063; *Matter of Comstock v Wolf*, 112 AD2d 1061).

The instant case presents a "Catch-22" situation where campaign workers are faced with a discrepancy on a single sheet between the number of signatures and a smaller number stated by the witness. They face the choice of adopting the actual number of signatures, thereby opening the petition to a challenge of overstating the number of signatures, or of accepting the subscriber's count (as was done here) and then being open to a challenge that the cover sheet did not state the actual number of signatures. This places a candidate in an untenable position since it allows challenges, whatever choice the candidate makes, if a single subscribing witness makes a single counting mistake.

A statute should be construed to avoid such results and to further its intended purposes (McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 95, 96). The purposes of the requirements imposed by the Election Law include avoiding fraudulent practices, confusion, and threats to the integrity of the system (*Clements v Fashing*, 457 US 957; *Farrell v Board of Elections*, — F Supp — [SDNY, Aug. 19, 1985]; *Matter of Hargett v Jefferson, supra*). When, however, "an innocent and inconsequential violation of a technical rule" is involved, "by which [a candidate] ha[s] nothing to gain", and the violation creates no difficulty in reviewing the petition for its validity and accuracy and presents no potential for fraud or prejudice (*Farrell v Board of Elections, supra*), then the violation must

be deemed inconsequential and the petition should be said to have complied with the requirements of the Election Law (*Matter of Jonas v Black, supra*).

The instant case involved an understatement of eight signatures out of 1,118. The total number of signatures collected exceeded twice the number required. The understatement was apparently prompted by caution on the part of the person who tallied the figures to not include those signatures on page 46 of the petitions to which the subscriber had not attested. The face sheet accurately states the number of signatures acknowledged by the subscribing witnesses and is otherwise accurate in every respect. Under the circumstances, we conclude that the petitions complied with the statute (*see, Matter of Staber v Fidler, supra* [in which this court, in upholding the designating petitions of Lewis A. Fidler, Nydia M. Velazquez and Susan D. Alter, concluded that both overstatements and understatements on cover sheets, if de minimis, constitute strict compliance with Election Law § 6-134). Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.