■ In the Matter of ANTHONY J. RUGGIERO, Respondent, v SUSAN MOLINARI, Appellant, et al., Respondents.—In a proceeding to invalidate petitions designating Susan Molinari as a candidate in the Republican Party primary election to be held on September 10, 1985 for the public office of Councilmember from the 1st Councilmanic District, the appeal is from a judgment of the Supreme Court, Richmond County (McBrien, J.), dated July 31, 1985, which, *inter alia,* granted the application.

Judgment reversed, on the law, without costs or disbursements, application to invalidate the petition of Susan Molinari denied, and the Board of Elections is directed to place the name of Susan Molinari on the appropriate ballot.

The instant proceeding seeking to invalidate the Republican designating petition which names Susan Molinari as City Council candidate was commenced by order to show cause dated July 19, 1985.

At oral argument before Special Term, petitioner Ruggiero, an objector and aggrieved candidate, argued that the designating petition naming Susan Molinari was invalid because the cover sheet to such petition overstated the actual number of signatures contained in the petition. Specifically, Ruggiero claimed that the petition overstated the actual number of signatures by a figure of 22. Molinari contested the claim that the cover sheet overstated the actual number of signatures contained in the designating petition, and asserted that the total number of signatures on each line of the designating petition equaled the number stated on the cover sheet. She also noted the fact that while only 1,150 signatures were required to qualify for a position on the ballot, she had over 5,118 signatures. Special Term found that the cover sheet of Molinari's petition overstated the number of signatures actually contained in the petition by a figure of two, and that thus, while the cover sheet indicated a total of 5,118 signatures, there were actually at most 5,116 signatures. Special Term then granted Ruggiero's application to invalidate the petition pursuant to the Court of Appeals decision in *Matter of Hargett v Jefferson* (63 NY2d 696), and held that "the overstatement of signatures, however minimal or inadvertent, requires invalidation of respondent's entire petition".

Special Term erred in invalidating the petition. Initially, it must be noted that petitioner Ruggiero has argued to this

court that the evidence in the record indicates that the total number of overstated signatures was six and not two, as Special Term held. Whether the overstated figure is considered two (four one hundredths of 1%), or six (12 one hundredths of 1%), the percentage of overstatement is de minimis. Under these circumstances, the strict compliance standard set forth in *Matter of Hargett v Jefferson (supra)* must be deemed satisfied (*see, Matter of Staber v Fidler,* 110 AD2d 38; *Matter of Fromson v Lefever,* 112 AD2d 1064). In light of the foregoing, it is not necessary to reach the constitutional issue. Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.