OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the judgment of Special Term, Erie County, invalidating respondents’ joint designating petition reinstated.
Respondents, Stanley M. Bolas and Richard J. Arcara, together with Alfreda Slominski, submitted a joint designating petition for the Conservative Party nominations for Erie County Sheriff, District Attorney and Comptroller. Volume 1 indicated on its cover sheet that it consisted of one volume containing 87 pages and 1,006 signatures, and that it contained pages 1 through 87. Volume 2, filed two days later, has been disavowed by the candidates. As found by Special Term, respondents’ cover sheet does not set forth the number of signatures for each of the candidates; it understates the total number of signatures; several sheets of an unrelated designating petition are intermingled with the pages of respondents’ petition; the pages of the petition are not consecutively numbered, some being out of order and one unnumbered; and the statement of one subscribing witness is illegible.
Although the statute permits petitions of several candidates to be joined, each candidate’s petition is a petition for a separate office, and if the joint petition consists of more than 10 sheets the *1028 cover sheet must set forth the total number of signatures designating the candidate for each office and the pages on which they may be found (see, Election Law § 6-134 [2]; Matter of Delle Cese v Black, 63 NY2d 694). This requirement is not a mere formalism. Unless the data supporting each candidacy is supplied and identified, the notice and informational purposes of the statute are completely frustrated. The figures supplied on the cover sheets of these volumes identified only the total number of signatures contained without identifying those supporting the individual candidates. Faced with this lack of specificity, election officials and interested parties had no choice except to search through the volumes page by page to determine the sheets designating each candidate and the validity of the signatures contained on them.
Nor can the several additional defects found in respondents’ petition, when considered in the aggregate, be dismissed as inconsequential. While “there is room for judicious decision-making within the confines marked” by Matter of Hargett v Jefferson (63 NY2d 696) and Matter of Jonas v Black (63 NY2d 685, affg 104 AD2d 466) (Matter of Staber v Fidler, 65 NY2d 529), that process cannot nullify the requirements of the Election Law (see, Matter of Sheehan v Scaringe, 60 NY2d 795, 796).