■ BARBARA A. SCOVILLE et al., Appellants-Respondents, v RONALD A. CICORIA et al., Respondents-Appellants, and STANLEY GUTOWSKI et al., Constituting the Board of Elections of Livingston County, Respondents.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Petitioners, having filed objections to the designating petition of respondent candidates, clearly have standing to judicially challenge the sufficiency of the petition (Election Law § 16-102 [1]; § 6-154 [2]). That the petition contains names of candidates for public offices and party positions is of no moment. The rights of both public office and party position candidates are "inextricably interwoven" since the objections raised clearly relate to and affect all of the candidates *(Matter of McGoey v Black,* 100 AD2d 635, 636).

Election Law § 6-134 (2) requires that the cover sheets state the total number of signatures each designating petition contains. This requirement is "a matter of substance and must be strictly complied with" *(Matter of Hargett v Jefferson,* 63 NY2d 696, 698). Here, the cover sheet indicates that the petition contains 2,021 signatures, whereas the actual number of signatures is 1,923. This overstatement does not strictly comply with Election Law § 6-134 (2) and the entire designating petition is invalid *(Matter of Hargett v Jefferson, supra).*

This determination is without prejudice to respondents Jackson and Johnson to seek leave of the court for the opportunity to ballot pursuant to Election Law § 6-164 *(see, Matter of Ramos v Alpert,* 41 AD2d 1012, *affd* 32 NY2d 903; *Matter of Brown v Ulster County Bd. of Elections,* 100 Misc 2d 570, 574). (Appeal from order of Supreme Court, Livingston County, Fritsch, J.—Election Law.) Present—Doerr, J. P., Denman, O'Donnell and Schnepp, JJ. (Decision entered Aug. 22, 1985.)