■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNE G. MAXAM, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered December 20, 1988, convicting defendant following a nonjury trial of the crime of misconduct in relation to petitions.

On July 16, 1987, a petition was filed designating defendant as the Republican Party candidate for the office of Town Supervisor of the Town of Chester, Warren County. After a hearing conducted by the Warren County Board of Elections uncovered evidence that defendant signed the "statement of witness" on the petition although she was not present at the time of several of the signatures, defendant was indicted by a Grand Jury for intentionally offering a false instrument for filing in violation of Penal Law § 175.30 and making a false statement in violation of Election Law § 17-122. Following a nonjury trial, defendant was convicted of the Election Law violation and a $500 fine was imposed. This appeal ensued.

We turn first to the question of whether the People satisfied their burden of proving the element of intent. Election Law § 17-122 (7) provides in pertinent part that: "Any person who * * * [b]eing a subscribing witness to a petition, provided for in the election law, for the designation or nomination of a candidate * * * thereby makes a false statement or makes a false affidavit thereon * * * is guilty of a misdemeanor." It is undisputed that defendant signed the petition's statement of witness, that she did not witness the signatures in question and that her signature was immediately preceded by a declaration that the signers had "subscribed [their names] in [her] presence", that the document would be deemed "the equivalent of an affidavit" and that it did not "contain[ ] a material false statement". Defendant claims, however, that she was not guilty of violating Election Law § 17-122 (7) because she signed the statement "in haste and confusion", without reading it on the last day for the filing of designating petitions. We disagree.

Because the statute does not include either the word "intentional" or the word "knowing", the People need only prove a general, as opposed to a specific, intent to commit the charged crime (1 Callaghan, Criminal Law in New York § 5:04, at 5-5 [3d ed]). General intent has been defined as "an intent to do knowingly and wilfully that which is condemned as wrong by the law and * * * is presumed from the criminal act itself" (1 Callaghan, Criminal Law in New York § 5:03, at 5-3 [3d ed]). Contrary to defendant's assertion, the evidence did not unequivocally show that she was unaware of what she was signing. Rather, there were questions of credibility for resolution by the trier of fact *(see, People v Turner,* 141 AD2d 878, *lv denied* 72 NY2d 962; *People v Weaver,* 105 AD2d 292, 294), particularly in view of the testimony of Robert Allen, a Commissioner of Elections of Warren County, that defendant indicated that she signed the petition "because the person who circulated it was not registered". In our view, given that intent may be inferred from the act itself and the surrounding circumstances *(People v Turner, supra),* defendant's conviction was amply supported by the evidence.

Defendant next claims that she should not have been convicted because the signatures were genuine and not forged. Again, we disagree. The purpose of Election Law § 17-122 (7), to make punishable the making of a false statement by a subscribing witness so as to avoid fraudulent petitions *(see, People v McManus,* 187 Misc 609, 615-616 [discussing Penal Law former § 760-a from which Election Law § 17-122 (7) is derived]), would be frustrated if conviction could be avoided by a later showing that the signatures were genuine. Furthermore, the statute's connection with its legitimate objective of assuring genuine signatures is by no means tenuous. Election Law § 17-122 (7) serves the purpose of "avoiding fraudulent practices, confusion, and threats to the integrity of the system" *(Matter of Fromson v Lefever,* 112 AD2d 1064, 1066, *affd* 65 NY2d 946; *see, Matter of Sheehan v Scaringe,* 60 NY2d 795, 796; *Matter of Franco v Velez,* 112 AD2d 875, 877, *affd* 65 NY2d 967) and is not unconstitutional as applied to this defendant.

Defendant also contends that certain evidentiary rulings deprived her of due process of law and require a new trial. We have reviewed each assignment of error and find little merit in her contentions. The prosecutor should not have been permitted to refer, in his summation, to articles and letters apparently written by defendant which were not in evidence and, arguably, an affidavit by Allen, received into evidence on

redirect, was hearsay and self-serving. Any such error was harmless, however, particularly since this was a nonjury trial. The Court of Appeals has stated that "[u]nlike a lay jury, a Judge 'by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" *(People v Moreno,* 70 NY2d 403, 406, quoting *People v Brown,* 24 NY2d 168, 172).

We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.