In the Matter of RACHAEL RANCOURT et al., Appellants, v MATTHEW KENNEDY et al., Respondents, et al., Respondents.
[928 NYS2d 736]—

To gain positions on the primary election ballot as candidates for the nomination of the Independence Party as its candidates for various town and county public offices, the potential candidates who circulated the combined designating petition that is the subject of the instant proceeding (hereinafter collectively the potential candidates) were required to obtain 28 valid signatures on their combined designating petition, representing 5% of the enrolled Independence Party voters in the Town of Beekman (see Election Law § 6-136 [2]). The subscribing witnesses for the potential candidates' combined designating petition attested that they had obtained a total of 140 signatures. However, a review of the combined designating petition reveals that the subscribing witness statements overstated the number of signatures actually contained on each petition page. Notably, each of the preprinted petition pages circulated by the potential candidates was missing signature line number six. In their affidavits offered in opposition to the petition to invalidate, the subscribing witnesses stated that they had relied upon the line number printed beside the last signature on each page to determine the total number of signatures on each petition page. Consequently, the subscribing witnesses inadvertently overstated, by one signature, the number of signatures on each page containing more than five signatures. The actual number of valid signatures on the combined designating petition collected by the subscribing witnesses totaled 126. Accordingly, the potential candidates still submitted more than four times as many signatures as was necessary for their names to be placed upon the primary election ballot as candidates for the nomination of the Independence Party as its candidates for several town and county public offices.

Contrary to the petitioners' argument, the overstatement of the signature totals on the combined designating petition is not such a gross irregularity as to warrant invalidation. Where, as

here, there is no allegation of fraud and there was substantial compliance with the provisions of the Election Law, the inadvertent mistakes in the signature totals "should not be the basis for the elimination of the right to vie for public office" (*Matter of Staber v Fidler*, 110 AD2d 38, 39 [1985], *affd* 65 NY2d 529 [1985]; *see* Election Law § 6-134 [10]; *Matter of Ruggiero v Molinari*, 112 AD2d 1071 [1985], *affd* 65 NY2d 968 [1985]; *Matter of Fox v Westchester County Bd. of Elections*, 112 AD2d 1063, 1064 [1985], *affd* 65 NY2d 971 [1985]; *Matter of Bland v Board of Elections of City of N.Y.*, 112 AD2d 1053 [1985], *affd* 65 NY2d 962 [1985]; *Matter of Brown v Sachs*, 57 AD2d 583 [1977]; *cf. Matter of Fromson v Lefever*, 112 AD2d 1064, 1066 [1985], *affd sub nom. Matter of Barrett v Scaringe*, 65 NY2d 946 [1985]; *see also Matter of Rancourt v Magill*, 87 AD3d 656 [2011] [decided herewith]). Accordingly, the Supreme Court properly denied the petition to invalidate and dismissed the proceeding. Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.