In the Matter of RACHAEL RANCOURT, Appellant, v MELINDA MAGILL, Respondent, et al., Respondents. [928 NYS2d 738]—

To gain a position on the primary election ballot as a candidate for the nomination of the Republican Party as its candidate for the public office of Town Clerk of the Town of Beekman, Melinda Magill was required to obtain 145 valid signatures on her designating petition, representing 5% of the enrolled Republican Party voters in the Town of Beekman (*see* Election Law § 6-136 [2]). The subscribing witnesses for Magill's designating petition attested that they obtained a total of 308 signatures. However, a review of the designating petition reveals that the subscribing witness statements overstated the number of signatures actually contained on each petition page. Notably, each of the preprinted petition pages was missing signature line

number six. In their affidavits offered in opposition to the petition to invalidate, the subscribing witnesses stated that they had relied upon the line number printed beside the last signature on each page to determine the total number of signatures on each page. Consequently, the subscribing witnesses inadvertently overstated, by one signature, the number of signatures on each page containing more than five signatures. The actual number of valid signatures on the designating petition collected by the subscribing witnesses totaled 292. Accordingly, Magill still submitted more than twice as many signatures as was necessary for her name to be placed upon the primary election ballot as a candidate for the nomination of the Republican Party as its candidate for the public office of Clerk of the Town of Beekman.

Contrary to the petitioner's argument, the overstatement of the signature totals on the designating petition is not such a gross irregularity as to warrant invalidation. Where, as here, there is no allegation of fraud and there was substantial compliance with the provisions of the Election Law, the inadvertent mistakes in the signature totals "should not be the basis for the elimination of the right to vie for public office" (*Matter of Staber v Fidler*, 110 AD2d 38, 39 [1985], *affd* 65 NY2d 529 [1985]; *see* Election Law § 6-134 [10]; *Matter of Ruggiero v Molinari*, 112 AD2d 1071 [1985], *affd* 65 NY2d 968 [1985]; *Matter of Fox v Westchester County Bd. of Elections*, 112 AD2d 1063, 1064 [1985], *affd* 65 NY2d 971 [1985]; *Matter of Bland v Board of Elections of City of N.Y.*, 112 AD2d 1053 [1985], *affd* 65 NY2d 962 [1985]; *Matter of Brown v Sachs*, 57 AD2d 583 [1977]; *cf. Matter of Fromson v Lefever*, 112 AD2d 1064, 1066 [1985], *affd sub nom. Matter of Barrett v Scaringe*, 65 NY2d 946 [1985]; *see also Matter of Rancourt v Kennedy*, 87 AD3d 654 [2011] [decided herewith]). Accordingly, the Supreme Court properly denied the petition to invalidate and dismissed the proceeding. Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.