Matter of Mitrano v New York State Bd. of Elections (2020 NY Slip Op 04904)





Matter of Mitrano v New York State Bd. of Elections


2020 NY Slip Op 04904


Decided on September 14, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, WINSLOW, AND BANNISTER, JJ.


840.1 CAE 20-01001

[*1]IN THE MATTER OF TRACY MITRANO, PETITIONER-RESPONDENT,
v
NEW YORK STATE BOARD OF ELECTIONS, PETER S. KOSINSKI, DOUGLAS A. KELLNER AND ANDREW J. SPANO, COMMISSIONERS OF AND CONSTITUTING THE NEW YORK STATE BOARD OF ELECTIONS, ET AL., RESPONDENTS-RESPONDENTS, AND MICHAEL PALMESANO, RESPONDENT-APPELLANT.






JOSEPH T. BURNS, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT. 
LAW OFFICES OF JESSICA A. KULPIT, BUFFALO (JESSICA A. KULPIT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, A.J.), entered July 16, 2020 in a proceeding pursuant to Election Law article 16. The order granted the petition to validate a designating petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to validate a designating petition to place her on the general election ballot for the Working Families Party as a candidate for the office of Representative in Congress from the 23rd Congressional District of New York. Michael Palmesano (respondent) appeals from an order granting the validation petition following a hearing, and we affirm. Contrary to respondent's contention, Supreme Court did not err in conducting a hearing, and the record supports the court's determination that there had been no "alteration" to the date accompanying a particular signature (see
§ 6-134 (6); Matter of McShane v Coveney, 37 NY2d 789, 790-791 [1975]; Matter of Schroeder v Smith, 21 AD3d 511, 512 [2d Dept 2005]; Matter of Jarczynski v McNab, 96 AD2d 919, 919 [2d Dept 1983]). The restoration of that signature provided petitioner with the requisite number of signatures. Because respondent failed to challenge the scope of the hearing, his further contention that the court should have invalidated additional signatures on the designating petition that were not the subject of that hearing is not properly before us (see generally Matter of Hicks v Walsh, 76 AD3d 773, 774 [3d Dept 2010]; Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758 [2d Dept 1985]).
Entered: September 14, 2020
Mark W. Bennett
Clerk of the Court