■ In the Matter of BRENDA Z. STEERE, Respondent, v TRUDY L. MASON, Respondent-Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Arthur Blyn, J.), entered August 21, 1985, rejecting a referee's report, and invalidating an election petition to place the name of Trudy L. Mason on the ballot for the public office of council member, Seventh Council District, City of New York, for the September 10, 1985 Democratic primary election (Mason petition), unanimously reversed on the law, without costs, the Mason petition is deemed valid, and the Board of Elections is directed to place the name of Trudy L. Mason on the ballot as a candidate.

It is undisputed that the cover sheet of the Mason petition set forth "the total signatures in entire petition" as "4251". However, the total number of signatures actually contained in said petition is 4,250. Thus, the cover sheet overstated the actual number of signatures by one. The overstatement came about by reason of the fact that the number of signatures claimed on the entire cover sheet was arrived at by adding the total number claimed by subscribing witnesses to the several petition sheets. This came about because of three counting errors. Two subscribing witnesses on separate sheets understated the number of signatures by one signature. One subscribing witness overstated the number of signatures by one signature. Thus, there was actually one signature less than the total claimed.

The Board of Elections ruled that the petition contained 4,251 valid signatures contained in 375 pages. The required number of signatures to place the name of the candidate on the ballot is 1,500. (Election Law § 6-136 [2] [c].) There was no line-by-line challenge of the signatures. Moreover, it was stipulated that the petition had substantially in excess of 1,500 valid signatures.

Special Term ruled that the petition was invalid because of the discrepancy of one signature, concluding that there must be strict compliance with Election Law § 6-134 (2). Strict compliance would require that the precise number of pages, volumes and signatures contained in the petition be accurately and exactly set forth on the cover page. Strict compliance in this case would mean that by virtue of a discrepancy of one in counting signatures, the wishes of 4,250 signers to

have the name placed on the ballot as a candidate, where only 1,500 are required, would be defeated. Minutiae would disenfranchise the voters.

We cannot agree that the law imposes such a burden. (*See, Matter of Franco v Velez,* 112 AD2d 875.) At most, the three pages containing the errors might be stricken. This would not invalidate the petition. Hence, we have directed the Board of Elections to place the name of Trudy L. Mason on the ballot as a candidate for the Democratic nomination for the office of Member of the Council of the City of New York, Seventh District for the September 10, 1985 primary election. Concur —Carro, J. P., Bloom, Fein, Rosenberger and Ellerin, JJ.