■ In the Matter of HERMAN D. FARRELL, JR., Appellant, v SARA E. MORGAN et al., Respondents-Respondents. In the Matter of PHYLLIS SAFER et al., Respondents, v HERMAN D. FARRELL, JR., Respondent-Appellant, and ROBERT S. BLACK et al., Respondents.—Judgment of the Supreme Court, New York County (Blyn, J.), entered August 20, 1985, confirming the report of the special referee and denying the application of petitioner to validate his designating petition as candidate for nomination of the Democratic Party for the public office of Mayor of the City of New York, reversed on the law, without costs, and the petition to validate granted.

Petitioner, a candidate for nomination of the Democratic Party for the public office of Mayor of the City of New York, filed a petition containing 19,386 signatures with the Board of Elections in the City of New York on July 11, 1985, designating him as candidate for nomination for that office. The number of valid signatures required to constitute a designating petition for such office is 10,000 (Election Law § 6-136 [2] [a]). On June 30, 1984 the Board, acting on objections filed by citizen objectors, struck the petition on the ground that the cover sheet did not meet the requirements of law (Election Law § 6-134 [2]; *Matter of Engert v McNab,* 60 NY2d 607; *Matter of Hargett v Jefferson,* 63 NY2d 696). Petitioner then brought two actions; one in the United States District Court for the Southern District of New York and one in the Supreme Court, New York County, both seeking his restoration to the primary ballot. The objectors to his petition also instituted a protective proceeding to invalidate the designating petition on grounds which included the alleged inadequacy of the cover sheet as well as other grounds.

In the Federal court proceeding petitioner moved for a mandatory temporary injunction directing that his name be

placed upon the Democratic primary ballot for the September 10 primary. By decision and order dated August 19, 1985, that relief was granted. Final determination was withheld pending determination of the State court proceeding.

In the interim the State court proceeding was referred to a Special Referee. After extensive hearings the Special Referee concluded that mispaginations, i.e., the failure to number the pages consecutively, and omissions in the cover sheets reduced the number of valid signatures to a total of 9,602, less than the number required for a valid petition. Special Term confirmed the report and invalidated Farrell's petition. Petitioner has appealed.

We disagree with Special Term. Accordingly, we reverse and direct the reinstatement of the designating petition.

Concededly, the signatures in the two groups of signatures attacked are necessary to constitute the petition a valid one. We deal first with the volumes in which page numbers are skipped. Special Term agreed that the sections of those volumes containing the most signatures might be salvaged. However, it invalidated those following the first gap.

We recognize that many of the rules regulating petitions have been adopted by the Legislature to safeguard the integrity of the democratic process. The basic problem before us is whether more is lost by the disenfranchisement of voters unwittingly caught in the vise of strict and absolute enforcement of these provisions than is gained by recognizing their purpose and limiting enforcement to the circumstances which warrant it.

Valid reasons may present themselves for the gaps in numbering. A city-wide petition is dealt with by many groups, each doing its own processing and numbering. The fruits of these petition gatherers are then consolidated in single volumes. Bearing in mind the time limitations and the haste with which petitions are made ready for filing and the occasional difficulties in communications between the several groups, it is readily conceivable that slipups in numbering will occur. Absent some indication that the gaps are the result of some fraudulent act, it is manifestly unfair to penalize the signatories who, after all, have the greatest stake in the proper operation of the democratic process, for these occasional aberrations.

The cases cited by Special Term and counsel (*Matter of Braxton v Mahoney,* 63 NY2d 691; *Matter of Glinski v O'Connell,* 22 NY2d 780; *Matter of O'Connor v Power,* 309 NY 774)

are not to the contrary. *Glinski* and *O'Connor* were cases in which the salvaged portion of the designating petition was sufficient to sustain the validity of the petition. There was, therefore, no need for the court to deal with the issue of the validity of the remainder of the petition. *Braxton* was a two-sheet designating petition for county committeemen. Neither sheet was numbered nor did either sheet contain enough signatures to constitute a valid petition. Without numbering of any sort the court refused to combine them.

The cover sheet issue had been adequately dealt with in *Matter of Franco v Velez* (112 AD2d 875). The sterility to which we had been reduced by this issue is indicated by *Matter of Steere v Mason* (112 AD2d 881), where Special Term invalidated a designating petition because of a mathematical error of 1 in the computation of signatures. We reversed. A rule which was designed to free the judicial process from the plethora of cases which have afflicted us annually (*see, Jefferson v Abrams,* 747 F2d 94 [2d Cir]) has succeeded only in miring us more deeply in the political morass. Concur—Carro, J. P., Bloom, Fein, Rosenberger and Ellerin, JJ.