■ In the Matter of CAROLYN MALONEY, Respondent, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and WILLIAM PERKINS, Respondent-Appellant.—Judgment, Supreme Court, New York County (Arthur Blyn, J.), entered August 20, 1985 rejecting a referee's report and invalidating the election petition to place the name of William Perkins on the ballot for the public office of council member from the

Eighth Councilmanic District, City of New York, for the September 10, 1985 Democratic primary election (Perkins petition), unanimously reversed on the law, without costs, the Perkins petition is deemed valid and the Board of Elections is directed to place the name of William Perkins on the ballot as a candidate in such primary election.

It is undisputed that the cover sheets of the four volumes of the Perkins petition set forth the total number of signatures in the entire petition as 5,112, on 424 pages. The referee found that the actual number of signatures was only 5,101 instead of the 5,112 claimed, a discrepancy of 11 signatures. It was also found that these signatures appeared on 375 pages instead of the 424 pages claimed.

The required number of signatures to place the name of the candidate on the ballot is 1,500 (Election Law § 6-136 [2] [c]). There was no line-by-line challenge of the signatures. The Board of Elections had made a prior determination that the candidate had well above the required number of signatures to remain on the ballot and it was so stipulated.

The sole remaining objections were the inaccuracy in the cover sheet statement of the number of signatures and the number of pages.

The referee concluded that there was a sufficient compliance with Election Law § 6-134 (2) despite the minor discrepancy, noting that there were over 5,000 valid signatures where only 1,500 were required. The referee found that the discrepancy in the number of pages arose from the fact that only three volumes designated Perkins as a candidate, whereas the fourth volume also designated candidates for other offices. This apparently caused the discrepancy in the numbering. Accordingly the referee concluded that the fourth volume, improperly numbered, should be excluded. It is not necessary for us to pass on that question.

The referee concluded that the petition had more than sufficient valid signatures for the candidate to remain on the ballot and so recommended. However, Special Term, in the judgment appealed from, disaffirmed the referee's report, and granted the petition to invalidate the Perkins designating petition and directed the Board of Elections not to place his name on the ballot, apparently for failure to comply strictly with the statutory requirement that the number of pages, volumes and signatures contained in the petition be set forth on the cover pages (Election Law § 6-134 [2]).

Strict compliance in this case would mean that by virtue of

a discrepancy of 11 in counting signatures the intention of over 5,000 signers to have the name of Mr. Perkins placed on the ballot as a candidate, where only 1,500 signatures are required, would be defeated. A miniscule error would disenfranchise at least these many voters.

We have concluded that the law imposes no such burden. (*See, Matter of Franco v Velez,* 112 AD2d 875; and *Matter of Steere v Mason,* 112 AD2d 881.) At most, as recommended by the referee, the one volume incorrectly numbered might be stricken. This would not invalidate the petition.

Hence, we have directed the Board of Elections to place the name of William Perkins on the ballot as a candidate for the Democratic nomination for the office of member of the council, Eighth Councilmanic District, City of New York, for the September 10, 1985 Democratic primary election. Concur— Carro, J. P., Bloom, Fein, Rosenberger and Ellerin, JJ.