(August 30, 1985)

■ In the Matter of MAUREEN McLEOD, Respondent, v ANGELO DEL TORO, Appellant, and ORLANDO VELEZ et al., Respondents. In the Matter of ILSA BELTRAN, Respondent, v ANGELO DEL TORO, Appellant, and ORLANDO VELEZ et al., Respondents. In the Matter of ANGELO DEL TORO, Appellant, v JOSEPH R. ERAZO et al., Respondents-Respondents, and BOARD OF ELECTIONS, Respondents. In the Matter of LORRAINE TIERNEY, Respondent, v ANGELO DEL TORO, Appellant, and ORLANDO VELEZ et al., Respondents.—Judgment of the Supreme Court, New York County (Blyn, J.), entered on August 20, 1985 which, in the first three proceedings, granted the applications of petitioners to invalidate the petitions designating Angelo Del Toro as a candidate for nomination of the Democratic Party for the public office of President of the City Council of the City of New York at the primary election to be held on September 10, 1985 and the last of which granted the application of Del Toro to invalidate the designating petition of Erazo, unanimously reversed, on the law, without costs, the petitions to invalidate denied, the designating petitions of Del

Toro and Erazo deemed valid and the Board of Elections is directed to place their names on the primary ballot as candidates for such public office (*see also*, *Matter of Erazo v Ruiz*, 112 AD2d 909, and *Matter of Erazo v McCaffrey*, 112 AD2d 909).

These matters were remanded to us by the Court of Appeals for further findings. We find, based on the special referee's report, to the extent confirmed by Special Term, and to the extent reflected in the minutes, that the proceeding against Del Toro was properly instituted. The number of signatures submitted to the Board of Elections by Del Toro and Erazo was substantially in excess of the number required by law. With respect to Del Toro no objection was made to any specific signatures. The major basis for invalidating the petitions was the failure to append to the several volumes thereof cover sheets which strictly complied with the requirements of Election Law § 6-134 (2). We find the cover page rule to be inapplicable to the circumstances presented to us because the cover page errors are insubstantial. (*Matter of Franco v Velez*, 112 AD2d 875, *affd* 65 NY2d 967; *Matter of Staber v Fidler*, 65 NY2d 529; *Matter of Steere v Mason*, 112 AD2d 881.) With respect to mispagination, we held in *Matter of Farrell v Morgan* (112 AD2d 882, 883) that "[a]bsent some indication that the gaps [in pagination] are the result of some fraudulent act, it is manifestly unfair to penalize the signatories who, after all, have the greatest stake in the proper operation of the democratic process, for these occasional aberrations." We adhere to that holding in this case.

Accordingly, we find the designating petitions to be valid designating petitions and that the motions to invalidate them were improperly granted. Concur—Bloom, J. P., Fein, Rosenberger and Ellerin, JJ.