■ In the Matter of JOSEPH R. ERAZO, Appellant, v ISRAEL RUIZ, Respondent-Respondent, and ORLANDO VELEZ et al., Respondent. In the Matter of JOSEPH R. ERAZO, Appellant, v WALTER L. MCCAFFREY et al., Respondents-Respondents, and ORLANDO VELEZ et al., Respondents.—Judgment of the Supreme Court, New York County (Blyn, J.), entered on August 20, 1985 which invalidated the designating petitions of Joseph R. Erazo and Israel Ruiz, Jr., as candidates for nomination of the Democratic Party for the public office of President of the City Council of the City of New York at the primary election to be held on September 10, 1985 and which denied the petitions to validate, unanimously reversed, on the law, with-

out costs, and the designating petitions of Ruiz and Erazo are deemed valid and the Board of Elections is directed to place their names on the primary ballot as candidates for such office at such primary election.

These matters were remanded to us by the Court of Appeals for findings of fact. We find that in the proceeding in which Erazo and McCaffrey were principals, a stipulation was entered into between counsel for the respective parties withdrawing all objections and specifications and consenting that the Erazo designating petition be deemed valid. Notwithstanding this, we have before us another proceeding decided simultaneously herewith in which Angelo Del Toro, as an aggrieved candidate, is the petitioner resulting in a holding that the Erazo designating petition was invalid. In that matter, we have ruled that the Erazo designating petition is a valid petition. We find also that there was a waiver by Erazo of the transcript of the proceedings. While his attorney asserts that he did not waive the transcript, he never deposited a sum sufficient to defray the costs nor did he furnish a copy to this court (CPLR 5525 [a]). This we deem to be a waiver. Notwithstanding this we have been able to procure a portion of the stenographic transcript. Such portion of the transcript as has been transcribed is included in the record of proceedings before this court.

The reduction of the valid number of signatures on the petitions involved to a figure below 10,000, the minimum number necessary to constitute a valid petition, was dependent on the deduction of those signatures which Special Term excluded under the cover sheet rule. We find the cover sheet rule inapplicable to the situation here presented because the errors in the cover pages are insubstantial (*Matter of Franco v Velez,* 112 AD2d 875, *affd* 65 NY2d 967; *see also, Matter of Staber v Fidler,* 65 NY2d 529). In light of the validity of these signatures, the total number of valid signatures exceeds the minimum required by law in each case. With respect to mispagination, we held in *Matter of Farrell v Morgan* (112 AD2d 882, 883, that "[a]bsent some indication that the gaps [in pagination] are the result of some fraudulent act, it is manifestly unfair to penalize the signatories who, after all, have the greatest stake in the proper operation of the democratic process, for these occasional aberrations." We adhere to that holding in this case.

Accordingly, we find the designating petitions to be valid.

Concur—Carro, J. P., Bloom, Fein, Rosenberger and Ellerin, JJ.