■ In the Matter of NORMAN J. ROSEN, Appellant, v HAROLD EPSTEIN et al., Respondents. (Proceeding No. 1.) In the Matter of HAROLD EPSTEIN et al., Respondents, v NORMAN J. ROSEN, Appellant, et al., Respondent. (Proceeding No. 2.)—In consolidated proceedings to validate and invalidate petitions designating Norman J. Rosen as a candidate in the Democratic Party primary election to be held on September 12, 1989, for the public office of District Attorney for the County of Kings, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), entered August 21, 1989, which denied the application to validate the petition (proceeding No. 1) and granted the application to invalidate the petition (proceeding No. 2), and directed that the Board of Elections of the City of New York remove the name of the appellant from the ballot.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application to validate the petition is granted, the application to invalidate the petition is denied, and the Board of Elections of the City of New York is directed to restore the name of the appellant Norman J. Rosen to the ballot.

It is undisputed that one volume of the appellant's petitions was numbered from page 1 to 190. The next consecutive page was numbered 200, thereby creating a gap in the numerical sequence. The Supreme Court invalidated all the signatures after page 190 as a result of this gap in the pagination. We disagree with this determination, and reverse.

"Absent some indication that the [gap was] the result of some fraudulent act, it is manifestly unfair to penalize the signatories who, after all, have the greatest stake in the proper operation of the democratic process" for this minor and inconsequential irregularity (Matter of Farrell v Morgan, 112 AD2d 882, 883).

We have reviewed the cases cited by counsel for the respondents in proceeding No. 1 and the petitioners-respondents in proceeding No. 2 and find that they are distinguishable on their facts. Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.