(August 25, 1989)

■ In the Matter of ADAM C. POWELL, IV, Appellant, v FERDINAND C. MARCHI et al., Constituting the Board of Elections in the City of New York, et al., Respondents.—Judg-

ment, Supreme Court, New York County (David B. Saxe, J.), entered August 22, 1989, which dismissed petitioner Powell's petition to validate his nominating petition as a candidate for Council Member from the Eighth Council District, City of New York, unanimously reversed, on the law and facts, and the petition validated, without costs.

For the public office of Council Member, 1,500 signatures are required. While there was an overstatement on 3 of 6 cover sheets (which was found to be inadvertent), it is without dispute that the signatures far exceeded the minimum necessary. Petitioner was denied validation as a result of a finding that the cover sheets on three volumes were not in strict compliance with Election Law § 6-134 (2). While the cover sheets on the other three volumes were found to be accurate, the total number of signatures only numbered 1,241, making it necessary to include at least one more volume so that the requirement of 1,500 signatures could be met.

Election Law § 6-134 (9) sets forth the order for determining the legal effect of misstatements on cover sheets and provides: "If the overstatement or understatement on any petition exceeds the number of signatures actually filed by more than ten percent and a court of competent jurisdiction, in a proceeding brought pursuant to section 16-102 of this chapter, determines upon proper proof, that such overstatement or understatement was inadvertent, the number of signatures deemed not to have been filed shall be limited to ten percent of the number actually filed."

The finding being that the errors were inadvertent, "the number of signatures deemed not to have been filed shall be limited to ten percent of the number actually filed". Deducting 10% from the signatures filed, 4,118 valid signatures remain. However, it was found that the cover sheets attached to those volumes (BX 121, 122, and 123) contained inaccurate information as to the number of volumes in the petition, as well as the total number of pages, in addition to the total number of signatures. Based on Election Law § 6-134 (2), validation was, therefore, denied.

The petitions filed dealt with many candidates each doing their own processing and numbering. The petitions are then consolidated in single volumes. With the pressure of filing deadlines, errors will occur. For us to reject these petitions, qualified signatories would be deprived of their nomination for Council Member from the Eighth Councilmanic District. They should not lose their right to nominate a candidate unless the errors in the cover sheets are so grievous as to constitute a

failure to comply with the requirements of the Election Law as to content and substantial compliance as to form *(Matter of Farrell v Morgan,* 112 AD2d 882). It should be noted that Bronx volume 121 contains more than enough signatures to qualify petitioner as a candidate. The cover sheet correctly indicates that it has 200 pages and 2,543 signatures of which 2,518 signatures are in the district.

Under the circumstances, we find that there was compliance with the requirements of the Election Law and that the petitioner should be validated as a candidate. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.